John Charles BARRON, Employee
(Plaintiff), Appellant,

v.

MISSISSIPPI LIME COMPANY OF MIS-
SOURI, Employer, and Consolidated Un-
derwriters, Insurer (Defendants), Respond-
ents.

No. 29187.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

J. O'Connell Hough, Charles T. Herr-
mann, St. Louis, for appellant.

Luke, Cunliff & Wilson, Earl B. Simp-
son, St. Louis, for respondents.

HOUSER, Commisssioner.

This is a claim under the Workmen's
Compensation Act, §§ 287.010 to 287.800
RSMo 1949, V.A.M.S. A referee of the
Industrial Commission awarded John
Charles Barron 160 weeks' compensation
at $30 per week, based upon a finding that
he sustained a 40% permanent partial dis-
ability of the body as a whole as the result
of an accident sustained in the employ of
Mississippi Lime Company of Missouri.

On review the commission affirmed but modified the referee's award, finding from all the evidence that the injury resulted in a 10% permanent partial disability of claimant's body as a whole. The Circuit Court of Ste. Genevieve County, on appeal, affirmed the award of the commission. The employee has appealed from the judgment of the circuit court.

On this appeal it is urged that the court erred in affirming the award because the commission could not reasonably have made its finding from the evidence, and arbitrarily disregarded the unimpeached testimony of medical experts, improperly basing its award upon speculation and conjecture; that the decision of the commission is clearly contrary to the overwhelming weight of the evidence, and that the commission, in the absence of arbitrary or unreasonable action, cannot interfere with the discretionary powers of a referee.

At about 8 o'clock p. m. on April 15, 1952 claimant, an employee of the lime company at its plant in Ste. Genevieve County, was loading 50-pound sacks of lime in tiers. As one of the top sacks started to fall he jumped back catching his heel on a nearby cart. He was holding the bag with his left hand. As a result of this incident he sustained injuries to his neck and back. He finished his shift, but did not work the next day. He was treated by a local company doctor. After three visits to the local doctor and on April 25 employer sent claimant to Dr. Henry G. Schwartz in St. Louis who examined and X-rayed claimant, prescribed a Thomas collar and advised him not to "sack" any more. After wearing the collar twenty-four hours claimant abandoned its use, having found he could not do his work because the collar held his head up. Claimant took his two weeks' vacation in order to get uninterrupted rest and sleep. Following his injury claimant no longer worked as a lime sacker but continued with employer in the capacity of a lime dust sweeper. Dr. Schwartz examined claimant three times. The company also took claimant to Dr. Quentin Drennan who treated him on three occasions. Further examinations were made and prescriptions given by a Dr. Grant and a Dr. Berg. Drs. Robert Mueller and Lloyd J. Hill examined claimant and testified in his favor. In their testimony they related the results of their several examinations, giving the various physical symptoms which they found in numerous tests given claimant. Dr. Mueller diagnosed the case as probable ruptured intervertebral disc in the first sacral area, and possibly a similar condition in the cervical spine. He rated claimant as "probably about 50% permanently disabled" and testified that he should not engage in any type of work requiring use of arms and legs to any great extent. Dr. Hill diagnosed the case as a ruptured intervertebral disc of the fifth lumbar and the first sacral segment on the right, together with inflammation of the right wrist. It was his opinion that claimant has a permanent disability of 40% or 50% of a normal man; that it would not be advisable for him to engage in his work as a laborer; and that surgery, for the removal of the ruptured disc, should be offered claimant.

Claimant complained at the hearing that his right leg, the outside half of his right foot and his right arm were asleep, had a "feeling of needles" or pins sticking in them—a tingling sensation and feeling of numbness; that his back was so sore and stiff between the shoulders that he could hardly stoop over; that he had pain in his back and down the leg; that he could hardly walk; and that if he worked a little too hard he could not sleep at night.

Company records from the time of his injury showed that claimant worked eight hours on the following days of April, 1952: April 15, 16, 18, 21, 22, 23, 26, 28, 29, 30. He did not work on the following working days in April: April 17, 19, 20, 24, 25, 27. In May, 1952 he worked on May 1, 2, 5, 6, 7, 8, 9, 12, 13, 15, 16, 17, 19, 20, 21, 22, 23. He did not work on the following working days in May: May 3, 4, 10, 11, 14, 18, 24, 25. Claimant was still working at the lime company as a sweeper at the time of the hearing in October, 1953.

For employer Dr. Henry G. Schwartz testified, relating the physical symptoms which he observed on three examinations over a seven months' period. He found contradictory and shifting sensory responses and in the later examinations could not demonstrate any consistent neurological signs. He found no objective evidence of any lesion, herniation of the discs of the spine, or organic disease of the central nervous system. It was his opinion that the occurrence of April 15, 1952 did not cause claimant's complaints; that his complaints have no organic basis, and are to be explained on the basis of a psychological disorder existing only in claimant's mind. He recommended that claimant see a neuropsychiatrist.

Appellant points to the consistent testimony of Drs. Hill and Mueller that appellant suffered a ruptured intervertebral disc with a resulting 40% disability, states that their testimony is competent and substantial, claims that Dr. Schwartz' testimony does not dispute that of Drs. Hill and Mueller, and notes that there is no evidence in the record by Dr. Schwartz or anyone indicating that claimant suffered a 10% disability. From this appellant argues that in finding only a 10% disability the commission arbitrarily disregarded competent, substantial and undisputed testimony given by witnesses not shown to have been impeached and based its findings upon conjecture or upon a mere opinion of the commission unsupported by sufficient competent evidence. Appellant takes the position that in all logic and consistency the commission had but two possible courses: either affirm in toto the referee's award based upon a 40% disability, or reverse the award outright upon the basis that claimant sustained no disability, and that nothing in the record supports the "third alternative" reached by the commission, namely, that of a 10% disability.

 The precise point raised by appellant is not new. It has been raised and decided adversely to appellant's contention in several cases: Worley v. Swift & Co., Mo.App., 231 S.W.2d 828; Henderson v. Laclede Christy Clay Products Co., Mo. App., 206 S.W.2d 673; Johnson v. Fogertey Bldg. Co., Mo.App., 194 S.W.2d 924; Chapman v. Raftery, Mo.App., 174 S.W.2d 352, and cases cited. We reannounce what has been repeatedly said, namely, that the commission is not conclusively bound by or restricted to the percentage estimate of one or more of the doctors. The extent and percentage of disability is a finding of fact within the special province of the commission to determine. See Hammett v. Nooter Corp., Mo.App., 264 S.W.2d 915. The fact that the commission found the disability to be 10% without any testimony of that particular percentage figure and in spite of the testimony of claimant's doctor who fixed it at 40% or 50%, does not compel the conclusion that the commission arbitrarily disregarded the medical testimony and reached the figure of 10% by speculation. It is obvious that the commission considered and accepted the testimony of claimant's two doctors that he suffered a herniated disc injury resulting in permanent partial disability and rejected the testimony of employer's doctor that the complaints were non-organic. The commission, however, was not obliged to accept the percentage of disability as estimated by claimant's doctors. It had before it the testimony of employer's doctor that there was no disability, which it could and doubtless did weigh in this connection. The commission was duty bound to consider the evidence as a whole, having regard for the nature and extent of the injuries, the effect of the injuries on the ability of claimant to work as testified to by him, by employer's witnesses, by all of the doctors, and as shown by the actual work record of claimant. In the light of all of the evidence, including these factors, the commission was authorized, indeed obligated, to arrive at its own independent finding of fact as to the extent of disability. It is our conclusion that upon the record as a whole the finding of the commission that claimant suffered a 10% permanent partial disability is supported by competent and substantial evidence; that it was a reasonable result for the commission to reach, and that it is

not contrary to the overwhelming weight of the evidence.

Appellant further asserts that it is the duty of this court to consider the findings, rulings and award of the referee and that we should adhere to the rule of deference to findings involving the credibility of witnesses made by the referee, before whom the witnesses gave oral testimony; that the commission cannot interfere with the discretionary powers of the referee in the absence of arbitrary or unreasonable action upon his part.

The referee's findings of fact with reference to the percentage of disability, as a part of the record, is a factor to be considered in determining whether the award of the commission is supported by competent and suitable evidence upon the record as a whole, Foster v. Carter Carburetor Corp., Mo.App., 264 S.W.2d 904, loc. cit. 910, and cases cited, but it is the award of the commission that is reviewed by the courts and not the award of the referee. Banks v. City of Hannibal, Mo. App., 283 S.W.2d 909, and numerous authorities therein cited. While the reviewing court should adhere to the rule of deference to findings involving the credibility of witnesses made by those before whom the witnesses give oral testimony, Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, loc. cit. 649, this does not mean that the court "must close its eyes and blindly follow the finding of a referee". Powers v. Universal Atlas Cement Co., Mo.App., 261 S.W.2d 512, 519. The findings of a referee are not final and binding upon the commission, which may or may not come to the same conclusion reached by the referee. The commission is not bound to yield to a referee's findings. Brown v. Griesedieck Western Brewing Co. of Mo., Mo.App., 250 S.W.2d 803, loc. cit. 809; Banks v. City of Hannibal, supra. A referee is merely an agent of the commission, inferior to the commission in authority. Douglas v. St. Joseph Lead Co., Mo.App., 231 S.W.2d 258; Diebold v. Great Atlantic & Pac. Tea Co., Mo.App., 241 S.W.2d 31. It is the commission which is the ultimate fact-finding body in workmen's compensation cases. Appellant misconceives the powers of the commission in asserting that the commission cannot interfere with the discretionary powers of a referee except for arbitrary or unreasonable action on its part. The commission is not so limited. The case upon which appellant rests in making this assertion is Ross v. Joplin Corp., Mo.App., 229 S.W.2d 303. In that case the commission refused to reopen a workmen's compensation case, after hearing, for the purpose of hearing additional medical testimony with reference to claimant's condition. The Springfield Court of Appeals held that in so doing the commission acted within its discretionary powers and that it did not act arbitrarily or capriciously. The writer of the opinion quoted from Waterman v. Chicago Bridge & Iron Works, 328 Mo. 688, 41 S.W.2d 575, in which the Supreme Court in construing § 3731, R.S.Mo.1939, Section 287.480 RS Mo 1949, V.A.M.S., said that it was within the discretion of the commission to review the evidence already taken or to hear further evidence, and that except for arbitrary or unreasonable action, the exercise of discretionary powers by public officials will not be interfered with, nor reviewed on appeal, nor by certiorari. Obviously the Supreme Court was speaking of arbitrary action on the part of the commission and not of a referee, and was referring to review by the courts and not to review by the commission of the decisions of referees. The powers and duties of the commission relative to the findings and awards of referees are stated in Brown v. Griesedieck Western Brewing Co. of Mo., supra, and need not be repeated here.

It follows that the judgment of the circuit court affirming the award of the Industrial Commission should be affirmed by this court, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court affirming the award of the Industrial Commission is, accordingly, affirmed.

ANDERSON, P. J., MATTHES, J., and NOAH WEINSTEIN, Special Judge, concur.