Willie LOWERY, Employee, Respondent,

v.

ACF INDUSTRIES, INCORPORATED, Employer, Appellant.

No. 32910.

St. Louis Court of Appeals.

Missouri.

April 16, 1968.

Rehearing Denied May 14, 1968.

Gentry, Bryant, & Sheppard, Stephen M. Hereford, Herbert E. Bryant, St. Louis, for employer-appellant.

Morris B. Kessler, Quinn & Quinn, St. Louis, for employee-respondent.

DOUGLAS W. GREENE, Special Judge.

On September 21, 1965, Employee-Respondent Willie Lowery filed his claim for workmen's compensation, alleging an injury to his left hand. On July 8, 1966, after a hearing, Referee Miller, of the St. Louis office of the Division of Workmen's Compensation, awarded Lowery permanent partial disability to the extent of 35% of the left hand at the wrist, said award totaling $2,603.13, disfigurement in the amount of $400.00, and temporary total disability for 4⅝ weeks, said award being $230.71, making a total amount of $3,233.84.

The Industrial Commission, on December 19, 1966, made a final award affirming

the Referee's findings. Appellant appealed to the Circuit Court of the City of St. Louis, which Court, on February 21, 1967, affirmed the award of the Industrial Commission. The employer appeals from that judgment.

The relevant facts are as follows: Willie Lowery was injured on December 21, 1964, while working as a spray painter for appellant. Lowery lost his balance when he slipped on the wet floor. He put his left hand out to try and stop his fall, and his hand came to rest on a railroad track. A moving box car, that was being pushed into the booth where Lowery was working, passed over and crushed his ring and little fingers. Both fingers were fractured as well as being lacerated and crushed. Lowery was taken to the hospital and treated by Doctor Fink. Lowery's wounds were sutured, and his hand was bandaged so that his little and ring fingers were placed in a position of flexion at the second and the distal joints so that they were pulled down into the palm of his hand. During the healing process Lowery's fingers became ankylosed, or fixed, in a position where they curled inwardly towards his palm.

On June 28, 1966, at the hearing before the Referee, Lowery's hand was viewed, and demonstrations of the loss of motion, or flexion of the fingers, were made at the Referee's request. The Referee observed that the ring and little fingers were fixed in a position where they interfered with the grasp of the hand, and with the performance of the hand as a whole. There was testimony that he suffered a loss of strength in his grip, or grasp, and that there was a pain in his left hand between the wrist and the little finger. Claimant's and employer's doctors both testified that the fingers, in their present condition and position interfered with the function of the hand as a whole.

The allegations of error are confined to one basic point, which is, did the Commission have the authority to enter an award based on a percentage of disability of the hand as a whole, when claimant's only injury suffered at the time of the accident was to the left ring and little fingers? Employer contends that the schedule of losses in § 287.190, RSMo 1959, V.A.M.S., as amended, provides that compensation shall be paid for the proportionate loss of use of one or more members mentioned in the schedule of losses, and that this means that the Commission would be required to rate at the level of the injury, which in this case it contends was the little and ring fingers.

In our review, we are mindful that if there is competent and substantial evidence in the record to support the conclusions reached by the Industrial Commission, and if such conclusions are not contrary to law, this court cannot substitute its judgment for that of the Commission. This proposition of law is so well known that citation of authorities would be superfluous.

There was overwhelming evidence that Lowery's injuries to his fingers received in the accident were treated by employer's doctor, and that after treatment, his disability, which consisted mainly of two of his fingers being fixed in a contracted position, being curled inwardly towards his palm, interfered with the function and use of his hand. In fact, there was no evidence to the contrary.

Section 287.190 RSMo 1959, V.A.M.S., as amended, provides that for permanent partial disability, compensation shall be allowed for loss by severance, total loss of use, or proportionate loss of use of one or more of the members mentioned in the schedule of losses. Subsection 3 of said section states: "* * * For the permanent partial loss of the use of an arm, hand, thumb, finger, leg, foot, toe or phalange compensation shall be paid for the proportionate loss of the use of such arm, hand, thumb, finger, leg, foot, toe or phalange, as provided in the schedule of losses." It is evident, from reading the above, that the

basis of a workmen's compensation award in a case of this kind is for disability to a part of the body due to loss of function or use, and not for specific injuries causing or contributing to cause such disability.

■ The extent and percentage of disability is a finding of fact within the special province of the Commission to determine. Barron v. Mississippi Lime Company of Mo., Mo.App., 285 S.W.2d 46, and we should not disturb such finding unless there is no competent evidence to support it, or unless, as a matter of law, Lowery's compensation should be limited by the statute or case law to the injuries to his ring and little fingers.

The precise question here is whether or not Lowery's separate and distinct injuries to his ring and little fingers, with the resultant disability detailed in evidence, should be considered as a disability to, and loss of use of, the hand as a whole, rather than a disability to and loss of use of, the component parts. This question was discussed by this court in the case of Darghe v. Blackburn Const. Co., Mo.App., 53 S. W.2d 1088. In that case Darghe was untangling a cable on a power hoist when the cable suddenly started upwards catching two or three of his fingers and raising him off the ground until his little finger was severed at the first joint. At the hearing, the Referee examined claimant's hand and fingers. The Referee noted there was very little motion of the hand on exercising. Medical testimony showed limitation in the joints of the fingers as to flexion; that claimant was unable to get a good grip, and that there was some contraction of the fingers. Other medical testimony showed proliferation, or excessive formation of bone in the wrist joint, which was attributed by different doctors to different causes, including infection, arthritis, hemorrhage, or inflammation. The Referee entered an award of permanent partial disability of 37½ percent loss of use of the hand which award was upheld by the Commission. The Circuit Court reversed with directions to enter an award in favor of claimant for loss of use of his right arm. On appeal, the court reversed, and reinstated the award of the Commission. The court said there was sufficient and competent evidence to sustain the findings of the Commission, reasoning that the compensation to be allowed was for a disability resulting from several distinct injuries, and that therefore the award was properly based upon the scheduled compensation for the greater injury, that is, disability to the hand as a whole, rather than the injuries to the component parts, and if the Commission refused to believe evidence that would have further extended the disability to cover the entire arm, it was not the business of the Appellate Court to interfere.

In Manley v. American Packing Co., 363 Mo. 744, 253 S.W.2d 165; the employee had a scheduled injury to the knee, and a subsequent fall that necessitated a knee operation, during which a fatal embolism occurred. In holding the death compensable, the court said that if the resultant disability was directly traceable to the original accident that it was immaterial whether the disability resulted directly from the initial injury, or from a condition resulting from the injuries. The Kansas City Court of Appeals used the same reasoning in Wilson v. Emery Bird Thayer Company, Mo.App., 403 S.W.2d 953, noting however that this would not be true if there was an independent, intervening cause attributable to claimant's own intentional conduct. There is no such conduct shown in this case. A like conclusion was reached by the Springfield Court of Appeals in Lawson v. Lawson, Mo.App., 415 S.W.2d 313.

■ In our opinion these decisions are sound and reflect the intent of the Legislature. Section 287.140(4) reads, in part, as follows: "* * * If the employee dies as a result of an operation made necessary by the injury, the death shall be deemed caused by the injury." This being true, it naturally follows that severe crushing injuries to claimant's two fingers and

the subsequent treatment by employer's doctor which left the fingers in a fixed contracted position in the nature of a claw, with atrophy in the fingers and a loss of strength and impairment of grasp in the left hand, resulted in a disability to, and loss of use of claimant's left hand. This being so, it was incumbent upon the Commission to determine the proportionate relation which the particular injury bore to the loss of use of the hand and in making such determination the Commission was vested with a discretion as to the form which its mathematical computation should take. Darghe v. Blackburn Const. Co., supra.

As there is no showing of any abuse of that discretion, and as the evidence supports the finding of the Commission, the judgment of the Circuit Court affirming the Commission's award is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.