Foster MORGAN, Employee, Plaintiff-Respondent,

v.

KREY PACKING COMPANY, Employer, Defendant-Appellant.

No. 33683.

St. Louis Court of Appeals, Missouri.

May 26, 1970.

R. C. Reis, St. Louis, for defendant-appellant.

Harry J. Nichols, St. Louis, for plaintiff-respondent.

SMITH, Commissioner.

Employer, a self-insurer, appeals from a judgment in the Circuit Court affirming an award by the Industrial Commission in favor of employee on a workmen's compensation claim. The award was for twenty per cent permanent partial disability of the left leg at the knee. The only questions presented here are whether there is substantial competent evidence to support the Commission's finding that employee's 1967 fall caused a disability and to support the amount of such disability.

In 1960 employee sustained an injury in his employment for employer resulting in disability to the knee in question. A workmen's compensation claim was filed for that injury, which eventually resulted in an award by the Commission denying compensation because the claim was not filed within the statutory period. We affirmed that award in 403 S.W.2d 668. The hearing before the referee in that case was in April, 1963, and reference will be made on occasion herein to the 1963 hearing. In July 1967, employee fell at his place of employment and claims he reinjured the left knee. Although employer denied an accident in July 1967, it presented no evidence in opposition to employee's testimony that an accident occurred, and no contention is here advanced that the evidence failed to support the Commission finding of compensable accident in July 1967.

Employee testified that in July 1967, he slipped on a slick floor, that his leg twisted under him and his knee hit a wall. He was picked up by co-employees and taken to a hospital for x-rays. He described the problems he had had with the knee after the 1960 injury as described in the 1963 hearing, and stated there had been no change in his complaints between the hearing in 1963 and the accident in 1967. He testified that after the 1967 fall his complaints and problems with the knee had increased in the following particulars: (1) the knee now makes noise when it moves and you can feel it grating whereas it did not do this previously, (2) the knee hurts all the time and the pain sometimes awakens employee, whereas it formerly hurt going up and down stairs and when making an awkward move, (3) he has fallen three times since July 1967, because the knee gave way whereas before it would slip out but not cause him to fall, (4) the locking and giving way of the knee is worse since the 1967 fall, (5) he now limps, (6) when he wears an elastic bandage now the knee swells and he must remove the bandage whereas previously the bandage gave some relief, (7) he cannot bend the knee as well as in 1963.

Employee, by stipulation, introduced the testimony of Dr. Wennerman (deceased at the time of hearing on this claim) given at the 1963 hearing based upon an examination in April 1963. That doctor at that time estimated employee's permanent partial loss at twenty per cent of the left knee which he testified was causally related to the 1960 fall. His diagnosis was arthritis of the left knee and joint mouse of that knee. Employee also introduced, without objection, a report of Dr. Wennerman dated March 25, 1967 (prior to the accident here) prepared after reexamination of employee. In that report the employee's complaints "are still the same," the "Examination is the same as in my previous report," and "my diagnosis and rating remain the same as in my previous report."

Employee's doctor, Robert Mueller, testified that employee had a forty-five to fifty per cent permanent partial disability of the left knee when he examined him in May 1968, that he estimated that twenty to twenty-five per cent was present in 1963, and twenty to twenty-five per cent resulted from the 1967 accident. He had never examined employee prior to May 1968. He attributed the main cause of the increase in disability to an increase of arthritis, the added locking of the knee and the more frequent giving away of the knee. He candidly admitted that he had no way of determining that the arthritis was worse than it was five years before, that arthritis is a progressive thing which could have gotten worse without regard to the accident in 1967, that he could not, with any degree of certainty, say the locking and crepitation was the result of the last injury. He stated there was no question a condition existed prior to July 1967, that it was aggravated by the accident to a certain degree, "I don't know how much." Employer's doctor admitted that trauma could aggravate the condition existing in employee's knee prior to July 1967. Although there was dispute, there was evidence that x-rays taken shortly after the July 1967 accident showed a recent avulsion fracture of the posterior aspect of the tibia.

■ Employer, looking to the testimony of Dr. Mueller, invokes the doctrine of Starcke v. Krey Packing Company, Mo. App., 426 S.W.2d 692, that the inconsistent conflicting testimony of the employee's medical witness as to causation of the injury was not substantial and competent evidence upon which an award could be based. There, the question was whether a fall was the proximate cause of a compression fracture suffered by employee. The doctor testified that it was, but upon further examination stated that the interval between the accident and the onset of pain made it doubtful the injury was incurred in the accident. This was the only evidence upon which proximate causation

could be found. See also Welborn v. Southern Equipment Company, Mo., 395 S.W.2d 119, in which the court stated that "* * * Contradictory testimony of a single witness, relied on to prove a fact, does not constitute substantial evidence in the absence of an explanation or other circumstances tending to show which of the two versions is true * * *" (126)

■ The essence of these decisions is that the Commission cannot pick and choose between inconsistent statements of the same witness, and by choosing one statement find a fact contradicted by another statement. These cases do not require, however, that the Commission ignore all the testimony of a witness solely because some portions, not necessary to the finding, are inconsistent with each other. We need not explore in detail the alleged inconsistencies of Dr. Mueller's testimony for we find substantial and competent evidence to support the Commission even if the alleged inconsistent statements are disregarded.

■ Initially, there is no evidence to refute Dr. Mueller's estimate of forty-five to fifty per cent disability of the left knee in May 1968. Employer's doctor made no attempt to give any rating of disability at any time although he did admit there was disability. Dr. Wennerman's report reflects, and warrants the finding, that no change in rating or complaints had occurred between 1963 and March 1967, three months before the accident for which recovery was sought. His rating had been twenty per cent in 1963. Accepting Dr. Mueller's rating after the accident and Dr. Wennerman's before, there is evidence to support a change of twenty-five to thirty per cent disability in employee's knee in one year, whereas none had occurred for four years preceding the Wennerman report. Both Dr. Mueller and employer's doctor, Dr. Donley, testified that trauma could aggravate the condition of employee's knee. Employee testified that he had suffered no trauma between 1963 and

his fall in 1967. He further testified that after his 1967 fall his leg became worse, that it caused him to fall on several occasions, and that it pained him constantly. We hold that this evidence plus the reasonable inferences to be drawn therefrom, warrant a finding that the 1967 fall caused an aggravation of the pre-existing condition of the employee's knee, with a resultant increase in disability. Taking the evidence in the light most favorable to the award, as we must, it supports the conclusion that employee's knee was worse after the fall in 1967 than it was before. Whether that worsening was the result of natural degeneration of the knee, as employer contends, or was the result of or aggravated by the accident, as employee contends, was a question of fact for the Commission. We believe there was substantial, competent evidence to support either finding, and in that posture we are bound by the finding of the Commission. Saxton v. St. Louis Stair Company, Mo.App., 410 S. W.2d 369 [5].

The determination of the amount of disability is peculiarly a function of the Commission. McAdams v. Seven-Up Bottling Works, Mo.App., 429 S.W.2d 284 [9]; Chapman v. Raftery, Mo.App., 174 S.W.2d 352 [5, 6]. In making such a determination the Commission is not limited to the disability testified to by medical experts. Barron v. Mississippi Lime Company of Missouri, Mo.App., 285 S.W.2d 46 [1, 2]. Here there is medical evidence to support the disability allowed, i.e., the difference between Dr. Mueller's estimate and that of Dr. Wennerman. Additionally, the employee testified at length to his complaints, exhibited his knee to the referee, and performed certain bending and straightening exercises to demonstrate his disability. The finding of the referee as to disability is a factor which may be considered in determining whether the award of the Commission is supported by competent, substantial evidence. Barron v. Mississippi Lime Company of Missouri, *supra,* [3–6]. We cannot say the amount of disability award-

ed was unsupported by substantial and competent evidence. The province of the Commission to determine disability is accentuated in this case, where by the very nature of a second injury to the same part of the body, precise medical evaluation of the disability sustained is difficult to make, and easily disputed. We defer to the findings of the Commission.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.