Karen A. KUCERA, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 82498.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 24, 2003.

Larry R. Ruhmann, St. Louis, MO, for respondent.

Karen A. Kucera, St. Louis, pro se.

PAUL J. SIMON, Presiding Judge.

Karen A. Kucera (claimant) appeals the decision of the Labor and Industrial Relations Commission (the commission) disqualifying her for unemployment compensation benefits by reason of her voluntarily leaving work without good cause.

On appeal, claimant contends the commission erred as a matter of law because the decision that she left work voluntarily without good cause was against the manifest weight of the evidence. Appeal dismissed.

In *Hampton v. Big Boy Steel Erection*, 2003 WL 21003499, —— S.W.2d —— (Mo. App. E.D.2003), we found that the standards for judicial review of the commission's award, under our workers' compensation law, are set out in *Mo. Const., Art. V, sec. 18. Judicial review of action of administrative agencies—scope of review* and Section 287.495.1 RSMo 2000 (all further references shall be to RSMo 2000 unless otherwise indicated), which provides:

\* \* \* \* \* \*

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its power;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In reliance on these standards of review, we found that our power to reverse an award as against the overwhelming weight of the evidence would require us to examine evidence contrary to the commission's award to see if it so clearly overwhelms the evidence favoring the commission's award and, therefore, would cause us to invade the province of the commission and weigh the evidence. *Id.* —— S.W.3d at ——, at \*6. Rather, we held that we are only required to find whether the commission could have reasonably made its findings and reached its result upon its consid-

eration of all the evidence before it. *Id.* We examine the whole record to determine the issue of reasonableness, not to examine the amount of unfavorable evidence. *Id.* Accordingly, we concluded that a point on appeal that contends an award is against the overwhelming weight of the evidence simply because there is evidence in the record which may support a different award does not present a reviewable issue. *Id.*

Similarly, Section 288.210 of our employment security law, provides in pertinent part:

\* \* \* \* \* \*

The findings of the commission as to facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its power;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

\* \* \* \* \* \*

Since the standards of review as contained in Chapter 287, workers' compensation law, and Chapter 288, employment security, are substantially similar and each involve the review of decisions of an administrative agency, we find our holding in *Hampton* to be instructive and, therefore,

conclude that claimant's point on appeal is not reviewable.

Appeal dismissed.

GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ., concur.