**Eugene TOTTEN, Appellant,**

v.

**TREASURER OF THE STATE of Missouri, As Custodian of the Second Injury Fund, Respondent.**

**No. ED 82563.**

Missouri Court of Appeals, Eastern District, Division Three.

July 29, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 15, 2003.

Susan K. Roach, Chesterfield, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill L. Selsor, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Eugene Totten ("Totten") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") denying his claim against the Second Injury Fund ("the Fund") for: (1) finding, against the overwhelming weight of the evidence, that Totten failed to prove a work-related accident; and (2) failing to consider whether Totten was permanently and totally disabled.

Totten worked for Chrysler Corporation ("Chrysler") on their assembly line beginning in 1984. In 1993, Totten suffered a work-related accident to his spine, resulting in surgical lumbar decompression and fusion the same year. Totten subsequently settled that claim with Chrysler for 25% of the body as a whole referable to the lower back, legs and body. After the surgery, Totten did not work and received social security disability until returning to work for Chrysler in 1995.

After returning to work for Chrysler, Totten had a light-duty job cutting strips of tape, and then he was moved to a job where he pushed a fixture up against the side of a vehicle in order to paint detailing stripes. Totten later testified that he was injured in March of 1997 as a result of an accident that occurred while he was working with this fixture and the balancer that held the fixture broke. Totten ultimately left his employment with Chrysler in 2000 and has not since tried to return to work.

On April 12, 2002, Chrysler entered into a settlement agreement with Totten for the alleged accident in March of 1997 for 12.5% of the body as a whole referable to the lower back and body. This settlement agreement stated the date of the accident as March 26, 1997, but did not go into greater detail regarding the nature of the accident. The Fund was not a signatory to this settlement agreement between Chrysler and Totten. Rather, the settlement agreement specifically stated that the amount to be paid by the Fund was "open."

A hearing on Totten's claim against the Fund was held on May 15, 2002 by the Division of Worker's Compensation of the City of St. Louis. After this hearing, the administrative law judge issued Findings of Fact and Rulings of Law denying Totten any award from the Fund. The administrative law judge found that Totten "failed to prove that he sustained an accident arising out of and in the course of his employment on or about March 25, 1997."[1] This decision was appealed to the Commis-

---

1. The record before us is unclear as to whether the alleged accident occurred on March 25, 1997 or March 26, 1997. However, this discrepancy is irrelevant for purposes of this appeal.

sion, which affirmed the decision and incorporated the administrative law judge's Findings of Fact and Rulings of Law in its own decision.

In his first point on appeal, which contains six sub-points, Totten argues the Commission erred in finding that no accident occurred when the overwhelming weight of the evidence established that an accident took place. In his second point on appeal, Totten argues the Commission's decision was against the weight of the evidence, against the weight of the law and constituted an abuse of discretion because the Commission never considered the issue of permanent total disability and the overwhelming weight of the evidence established that Totten was permanently and totally disabled. We affirm in part and dismiss in part.

 Totten's brief erroneously states that our standard of review in this case is the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976). Instead, Section 287.495.1, RSMo 2000, which governs appeals from awards of the Commission, sets out the proper standard of review:

> The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1)[t]hat the [C]ommission acted without or in excess of its powers; (2)[t]hat the award was procured by fraud; (3)[t]hat the facts found by the [C]ommission do not support the award; (4)[t]hat there was not sufficient competent evidence in the record to warrant the making of the award.

"[F]indings of fact made by the [C]ommission within its powers shall be conclusive and binding." *Id.* On issues concerning credibility and the weight to be given conflicting evidence, we defer to the Commission's judgment. *Hughey v. Chrysler*

*Corp.*, 34 S.W.3d 845, 846 (Mo.App. E.D. 2000). However, we independently review questions of law. *Johnson v. Denton Construction Co.*, 911 S.W.2d 286, 287 (Mo. banc 1995). "This [C]ourt reviews decisions of the [C]ommission, which are clearly interpretations or applications of law, for correctness without deference to the [C]ommission's judgment." *Shipp v. Treasurer of State*, 99 S.W.3d 44, 50 (Mo.App. E.D.2003). When the Commission affirms or adopts the findings of an administrative law judge, the decision and findings of the administrative law judge are reviewed as adopted by the Commission. *Hughey*, 34 S.W.3d at 846.

In the first sub-point of his first point on appeal, Totten argues the Commission's findings were against the overwhelming weight of the evidence because he made a "prima facia showing of [an] accident as evidenced by the settlement [agreement] between the employee/appellant and the employer." Totten argues that the admission into evidence of the settlement agreement between Totten and Chrysler bound the Fund to the terms of that settlement agreement. Totten claims the Fund effectively stipulated to the existence of the accident by failing to object to the admission of the settlement agreement into evidence.

 Totten's argument regarding this sub-point challenges the Commission's interpretation of the law, without presenting any relevant caselaw to support his proposition. If there is appropriate and available precedent supporting an appellant's point relied on, such authority must be cited or discussed in the argument portion of the appellant's brief or a rationale must be advanced explaining why such authority is unavailable. *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App.E.D.1996). "Allegations of error not properly briefed 'shall not be considered in any civil ap-

peal.'" *Id.* (quoting Rule 84.13(a)). However, Rule 84.13(c) permits us to review *ex gratia* for "'plain error affecting substantial rights which, though not preserved, resulted in manifest injustice or miscarriage of justice.'" *Higgins v. D.W.F. Wholesale Florists,* 14 S.W.3d 286, 290 (Mo.App. W.D.2000) (quoting *Decker v. National Accounts Payable Auditors,* 993 S.W.2d 518, 522 (Mo.App. S.D.1999)). We have reviewed Totten's argument and, for the following reasons, find the Commission's decision caused neither manifest injustice nor a miscarriage of justice.

▬ Settlement agreements may be admitted as evidence before the Commission when there is a "clear and cogent reason" to do so. *Conley v. Treasurer of Missouri,* 999 S.W.2d 269, 275 (Mo.App. E.D.1999). Here, the propriety of admitting the settlement agreement into evidence is not at issue, as the Fund did not object to its admission. However, the mere admission of the settlement agreement as evidence does not bind the Fund to the terms of the settlement agreement to which it was not a party.

In *Conley,* this Court affirmed the Commission's decision to admit a settlement agreement between an employer and employee into evidence in a subsequent hearing involving the Fund because that agreement served as relevant evidence of the extent of the employee's permanent partial disability, and prevented the employee from collaterally attacking the finality of the prior award. *Id.* at 274–75. In that case, the Commission, citing *Bailey v. Industrial Commission,* 137 Ill.App.3d 366, 91 Ill.Dec. 817, 484 N.E.2d 376 (1985), found that because the settlement agreement indicated that the Fund claim was "left open," and the Fund was not a party to the settlement, "the settlement had no *res judicata* effect on the Fund and its terms were not binding on the subsequent

parties." *Id.* at 273, 91 Ill.Dec. 817, 484 N.E.2d 376.

In *Bailey,* the settlement agreement between employer and employee, which would have established the Illinois Second Injury Fund's ("Illinois Fund") liability if binding, explicitly stated that the [Illinois] Fund was not a signatory and the settlement agreement was "neither contingent upon nor to be defferred [sic] pending a determination of the issues involved . . . ." *Bailey,* 91 Ill.Dec. 817, 484 N.E.2d at 378. The Illinois Industrial Commission ("Illinois Commission") found that the settlement agreement was not binding on the Illinois Fund and denied the employee's claim against the Illinois Fund for failing to prove that he was entitled to additional compensation. *Id.* at 379. The trial court reversed the Illinois Commission's decision, finding that "the [Illinois] Commission's decision denying benefits from the [Illinois] Fund was 'logically and legally inconsistent' with its earlier action in approving the settlement [between employee and employer] . . . ." *Id.*

The Illinois Court of Appeals reversed the trial court's ruling and held that the [Illinois] Fund "cannot be held liable upon a settlement contract unless it has *expressly consented to and joined in* such a contract." *Id.* at 380 (emphasis added); *See* Section 287.220.2, RSMo 2000 (stating that the Fund, as represented by the treasurer, must be a separate party and be "entitled to defend against the claim."). The court reasoned that because the [Illinois] Fund was expressly excluded from the terms of that settlement agreement and not a party thereto, the trial court erred in giving the settlement agreement *res judicata* effect. *Bailey,* 91 Ill.Dec. 817, 484 N.E.2d at 380. We agree and apply this reasoning to the case before us.

▬ In this case, the settlement agreement between Totten and Chrysler specifi-

cally stated that the claim against the Fund remained "open." No attorney on behalf of the Fund signed the settlement agreement, and Totten does not assert that the Fund was otherwise a party to the agreement when it was entered into. While the Fund did not object to the admission of the settlement agreement as evidence, it contested the facts stated in it by offering evidence to contradict or rebut it. There is no basis in the record from which this Court could find that the Fund expressly consented to or joined in the settlement agreement. Therefore, the Fund is not bound by the settlement agreement entered into by Totten and Chrysler. Totten's first sub-point of his first point on appeal is denied.

The remainder of the sub-points in Totten's first point on appeal center on evidence that conflicts with the evidence relied on by the Commission in its judgment. For the reasons set forth below, we do not address these arguments.

■ In reviewing whether awards of the Commission are against the overwhelming weight of the evidence, the power of the court does not extend to reweighing the evidence. *Hampton v. Big Boy Steel Erection*, No. ED81712, 2003 WL 21003499, at \*5, —— S.W.3d ——, —— (Mo.App. E.D. May 6, 2003). Instead, the appellate court must determine "whether the Commission could have reasonably made its findings and reached its result upon consideration of all of the evidence before it." *Id.* We examine the whole record to determine the reasonableness of the Commission's decision, not for the purpose of examining the amount of unfavorable evidence before the Commission. *Id.* "[P]oints on appeal that contend that an award is 'against the overwhelming weight of the evidence' simply because evidence that would support a different award is in the record do not present a reviewable

issue." *Id.; See also Kucera v. Division of Employment Security*, 109 S.W.3d 208 (Mo.App.E.D. 2003).

■ Here, Totten argues that the conflicting evidence before the Commission "establishes" that an accident occurred. These arguments require us to "examine the evidence contrary to the Commission's award to see if it 'so clearly overwhelms' the evidence favoring the Commission's award," therefore causing us to "invade the province of the Commission and 'weigh' the evidence." *Hampton*, at ——. Because these sub-points require us to reweigh the evidence supporting the Commission's award against evidence that would support a different award, they are not reviewable. *See Hampton*, at ——; *Kucera*, at 209–10. Therefore, Totten's remaining sub-points of his first point on appeal are dismissed.

Totten's second point on appeal challenges the failure of the Commission to find that he was permanently and totally disabled. Because we dismiss Totten's sub-points in his first point on appeal requiring us to reweigh conflicting evidence before the Commission, the Commission's decision and finding that Totten failed to prove a work-related accident remains undisturbed. As a result, we agree with the Commission that this issue of whether Totten was permanently and totally disabled is moot. Therefore, Totten's second point on appeal is dismissed.

DISMISSED IN PART; AFFIRMED IN PART.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., concur.