**Clarence KRUSEN, Appellant**

v.

**MAVERICK TRANSPORTATION and Liberty Mutual Fire Insurance Co., Respondents.**

No. 27338.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 12, 2006.

Colleen Joern Vetter, St. Louis, for Appellant.

Raymond E. Whiteaker, Whiteaker & Wilson, P.C., Springfield, for Respondents.

JOHN E. PARRISH, Judge.

Clarence Krusen (claimant) appeals the final award of the Labor and Industrial Relations Commission (the commission) that denied his claim for workers' compensation benefits. This court affirms.

Claimant was employed by Maverick Transportation, Inc., (employer) in June 2002 as a truck driver. Employer's business address is Little Rock, Arkansas. On July 10, 2002, while in Michigan, claimant sustained injuries from an accident when he fell from his truck. He sought benefits under Missouri's Workers' Compensation Law arguing that his contract of employment was entered into in Missouri. The commission determined that the contract was not entered into in Missouri; that, therefore, claimant was not entitled to Missouri benefits.

Section 287.110.2, RSMo 2000, provided, at the time of claimant's injury [1]:

This chapter shall apply to all injuries received and occupational diseases contracted in this state, regardless of where the contract of employment was made, and also to all injuries received and occupational diseases contracted outside of this state under contract of employment made in this state, unless the contract of

---

**1.** The statute was amended effective December 14, 2005. Claimant's accident occurred July 10, 2002.

employment in any case shall otherwise provide, and also to all injuries received and occupational diseases contracted outside of this state where the employee's employment was principally localized in this state.

In June 2002 claimant was employed by Ford Motor Company in South Carolina. While on leave from Ford and in Missouri at his mother's house, claimant contacted employer and inquired about job opportunities. Employer faxed a job application to him. Claimant completed and returned the application. A recruiter called claimant to clarify information from claimant's "dact [sic] report."[2] Claimant was called a second time. According to claimant, the recruiter told him, "You got the job."

Claimant was requested to come to Arkansas for orientation that included a driving test, drug test, physical exam, and a road test. He reported for employer's orientation June 17, 2002, approximately two weeks after being called by employer's recruiter. On June 21, 2002, upon completion of claimant's orientation, he signed and dated an agreement entitled "MAVERICK TRANSPORTATION, INC. EMPLOYMENT AGREEMENT" that states:

> I was offered employment by Maverick Transportation, Inc. by *Randy Rymel,* effective *6/21/02*.
>
> I, *Clarence Krusen,* agree that my principle [sic] state of employment is Arkansas.
>
> I am employed at:
>
> Maverick Transportation, Inc.
>
> 13301 Valentine Road
>
> North Little Rock, Arkansas 72117

| *Clarence Krusen* | *6/21/02* |
|---|---|
| Employee | Date |
| *Randy Rymel* | *6-21-02* |
| Witness/Employer Representative | Date |

The italicized language was handwritten in the agreement.

At the hearing on claimant's claim, the parties stipulated that at the time of his injury claimant was employed by employer; that his injury arose out of and in the course and scope of his employment; that claimant timely notified employer of his injury and timely filed his claim for compensation.

Letha Bryant is employer's vice president of human resources. She is in charge of hiring and firing personnel. She testified that employer's recruiters do not have authority to hire employees; that a recruiter is authorized only to extend an invitation for an applicant to come to employer's pre-employment orientation. Ms. Bryant explained, "We would receive and process an application. Once that process had been completed and driving requirements had been validated, then a recruiter would have contacted Mr. Krusen and extended an invitation to come to [employer's] pre-employment orientation." She said the offer of employment was made by the driver training instructor who conducted claimant's orientation; that employer has never hired an employee sight unseen.

The commission concluded that claimant's contract of employment was executed in Arkansas. It found:

> In the case at bar, ... any offer of employment was dependent upon [claimant] successfully participating in and completing the employer's orientation in Arkansas. In the case at bar, after [claimant] successfully completed the or-

---

**2.** Claimant explained that a "dact [sic] report" is a report of a truck driver's history; that "every truck driver has one. It shows all your previous—anything you've done previous."

ientation in Arkansas, an employment contract was executed in Arkansas.

The commission found the testimony of Ms. Bryant more credible, persuasive, and worthy of belief regarding the issue of claimant's employment. It did not find claimant's testimony that the recruiter told claimant "you got the job" credible. It concluded:

> Accordingly, the Commission finds that the employer never extended an unconditional offer of employment to the claimant as alleged; that [claimant] was only told to report to Arkansas for the completion of all necessary tests and orientation for employment; and it was only after employee arrived in Arkansas and successfully completed the various tests and orientation as described above, that the last act necessary to complete the contract to be performed was fulfilled. All of these activities/actions occurred in Arkansas, not in Missouri.

> Accordingly, the last act necessary to complete the employment contract was performed in Arkansas and the Missouri Workers' Compensation Law does not apply.

■ Claimant asserts one point on appeal. He argues that the "Commission erred in denying Missouri jurisdiction . . . in that the substantial and overwhelming weight of the evidence shows the contract for employment was completed in Missouri when Claimant accepted an unconditional offer of employment from Employer's agent over the telephone while Claimant was physically located in Missouri."

On appellate review, a court must examine the whole record to determine if the Commission's award is supported by competent and substantial evidence. *Hampton* [*v. Big Boy Steel Erection*, 121 S.W.3d 220] at 222–223 [ (Mo.banc 2003) ]. In reviewing whether awards of the Commission are against the overwhelming weight of the evidence, the power of the court does not extend to reweighing the evidence. *Id.* Instead, the appellate court must determine whether the Commission could have reasonably made its findings and reached its result upon consideration of all of the evidence before it. *Totten v. Treasurer of State,* 116 S.W.3d 624, 629 (Mo.App. E.D.2003).

Additionally, "findings of fact made by the [C]omission within its powers shall be conclusive and binding." Section 287.495.1. Thus, we defer to the Commission on issues concerning credibility and the weight to be given conflicting evidence. *Totten* at 627. However, we independently review questions of law without deference to the Commission's findings. *Id.*

*Henley v. Tan Co., Inc.,* 140 S.W.3d 195, 198 (Mo.App.2004).

■ "The essential elements of an enforceable contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation." [3] *L.B. v. State Committee of Psychologists,* 912 S.W.2d 611, 617 (Mo.App.1995). Generally, the place where a contract is made is determined by the parties' intention. *Overcash v. Yellow Transit Co.,* 352 Mo. 993, 180 S.W.2d 678, 681 (1944). As a rule, the place where the contract is made is considered to be the place where the offer is accepted or where the last act necessary to

---

**3.** Some cases use the archaic "meeting of the minds" terminology to identify mutuality of agreement and mutuality of obligation. *See, e.g., Whitney v. Country Wide Truck Service, Inc.,* 886 S.W.2d 154, 155 (Mo.App.1994), cit- ing *Thacker v. Massman Const. Co.,* 247 S.W.2d 623, 629 (Mo.1952), and *Deister v. Thompson,* 352 Mo. 871, 180 S.W.2d 15, 17 (1944).

complete the contract is performed. *Id.*, 180 S.W.2d at 681.

■ Here, claimant made the arrangements for his employment by means of telephone conversations he conducted from Missouri. However, in order to begin driving for employer, he was required to go to Arkansas for employer's orientation that included successfully completing a driving test, drug test, physical exam, and a road test. Upon successfully completing those requirements, on June 21, 2002, he and a representative of employer completed the written "MAVERICK TRANSPORTATION, INC. EMPLOYMENT AGREEMENT." As was the situation in *Overcash, supra,* in *Scott v. Elderlite Express,* 148 S.W.3d 860 (Mo.App.2004), and in *Whitney v. Country Wide Truck Service, Inc.,* 886 S.W.2d 154 (Mo.App.1994), the last act necessary to complete the contract between claimant and employer occurred in a state other than Missouri; in this case, Arkansas. The commission's award denying compensation so concluded. That determination was supported by competent and substantial evidence. It was not against the overwhelming weight of the evidence. The commission could have reasonably made the findings and reached the result it did upon consideration of all the evidence that was before it. Claimant's point is denied. The commission's award is affirmed.