**Ronald CLARK, Respondent,**

v.

**HARTS AUTO REPAIR, Appellant.**

No. WD 69767.

Missouri Court of Appeals,
Western District.

Jan. 20, 2009.

Thomas R. Hill, Kansas City, MO., for appellant.

James E. Martin, Overland Park, KS., for respondent.

Before JOSEPH P. DANDURAND, P.J., HAROLD L. LOWENSTEIN and JAMES M. SMART, JJ.

JOSEPH P. DANDURAND, Judge.

Harts Auto Repair and Universal Underwriters Insurance appeal the final award of the Labor and Industrial Relations Commission affirming the award of workers' compensation disability benefits to Ronald S. Clark, including the award of attorneys' fees and costs. On appeal, Harts Auto claims that the record does not contain competent and substantial evidence to support (1) the Commission's finding that Mr. Clark was permanently and totally disabled, and (2) the Commis-sion's assessment of costs and attorneys' fees against Harts Auto pursuant to section 287.560, RSMo 2000.

The award is affirmed.

## Facts

Ronald S. Clark worked for Harts Auto Repair ("Employer") as an auto body and engine transmission repair technician beginning in 1998. While at work on May 22, 2001, he was injured after he fell from a ladder. He had been performing electrical work on the roof at his employer's request, which required him to climb a ladder. The ladder slipped, causing him to fall about 12 feet to the ground below. He was rendered unconscious by the fall. His right leg landed in a large barrel and he was bleeding profusely. He complained of immediate and severe pain in his right leg.

On the evening of the accident, Mr. Clark underwent surgery on his right leg, a four compartment fasciotomy. In the following months, Mr. Clark experienced problems with swelling, infection, pain, headaches, and depression. He testified at trial that he had had a total of nine surgeries on his right leg, and nine epidural injections as a result of the accident.

Mr. Clark filed a claim for compensation with the Missouri Division of Workers' Compensation, and Employer filed an answer denying/disputing the claim. A hearing was scheduled for August 29, 2007. Prior to the hearing, the parties entered into various admissions and stipulations. Employer did not dispute that Mr. Clark was working in the course and scope of his employment when he was injured. The remaining issues for the hearing were: the nature and extent of the disability sustained by Mr. Clark, the liability of Employer for past and future medical care, and attorneys' fees and costs.

Following the hearing, the Administrative Law Judge ("ALJ") awarded benefits, finding that Mr. Clark was rendered permanently and totally disabled by the accident at work. The award included compensation for future medical care and assessed interest on any past due compensation. In further awarding Mr. Clark attorneys' fees and assessing costs of the proceedings against Employer, the ALJ found that Employer defended the case without reasonable ground. Specifically, Mr. Clark was awarded his costs incurred in taking the depositions of Dr. Abrams, Dr. Pro, and the vocational expert; costs incurred for obtaining the medical records; and attorneys' fees.

Employer filed an application for review of the award by the Labor and Industrial Relations Commission ("the Commission"). On May 21, 2008, the Commission issued a final award, affirming and incorporating the decision of the ALJ. The Commission's final award specifically approved and affirmed the ALJ's assessment of attorneys' fees and costs as being fair and reasonable.

Employer and its insurer ("Appellants") appeal.

### Standard of Review

This court reviews the Commission's award to determine whether it is "supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, sec. 18. An award is supported by competent and substantial evidence unless it is against the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). In reviewing whether the Commission's award is against the overwhelming weight of the evidence, this

court's power does not extend to reweighing the evidence. *Totten v. Treasurer of State*, 116 S.W.3d 624, 629 (Mo.App. E.D. 2003). The inquiry instead is "whether the Commission could have reasonably made its findings and reached its result upon consideration of all of the evidence before it." *Id.* (internal quotation marks omitted).

Where, as here, the Commission affirms and adopts the award of the Administrative Law Judge (ALJ), "we review the ALJ's findings as adopted by the Commission." *ABB Power T & D Co. v. Kempker*, 236 S.W.3d 43, 48 (Mo.App. W.D.2007). We may modify, reverse, remand for rehearing, or set aside the Commission's decision only on the following grounds: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the Commission's factual findings do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495.[1] Otherwise, we will affirm. *Hampton*, 121 S.W.3d at 223 n. 3.

### Point I

Employer asserts that the Commission's final award finding Mr. Clark permanently and totally disabled is not supported by sufficient competent evidence in the record, claiming the Commission arbitrarily disregarded competent, substantial, and undisputed testimony of Drs. Kloster, Caffrey, and Butts.

Under Missouri Workers' Compensation Law, section 287.010, et seq., "total disability" means "inability to return to *any* employment and not merely . . .

1. All statutory references are to the Revised Statutes of Missouri (RSMo) 2000, unless otherwise indicated.

[an] inability to return to the employment in which the employee was engaged at the time of the accident." Section 287.020.6 (emphasis added). Permanent total disability means that "no employer in the usual course of business would reasonably be expected to employ the Claimant in [his or] her present physical condition." *Gassen v. Lienbengood*, 134 S.W.3d 75, 80 (Mo.App. W.D.2004). The claimant has the burden to establish permanent total disability by introducing evidence to prove his claim. *See Cardwell v. Treasurer of State*, 249 S.W.3d 902, 911 (Mo.App. E.D. 2008).

■ In the present case, sufficient competent evidence was presented to support the Commission's determination that Mr. Clark was rendered permanently and totally disabled solely as a result of the injuries he sustained in the May 22, 2001 accident when he fell from a ladder at work. Briefly summarized, the record reveals the following with respect to the issue of whether a prospective employer would reasonably be expected to employ Mr. Clark given his present physical condition:

Dr. Abrams, a neurologist, stated that Mr. Clark was not a candidate for any type of employment, nor would he be in the future. Dr. Abrams concluded that Mr. Clark was permanently and totally disabled.

Dr. Daniel R. Kloster, a pain management specialist concluded that Mr. Clark could work under restrictions given by Dr. Bonar.

Dr. Patrick Caffrey, a psychologist, stated that he released Mr. Clark to return to work with restrictions given by Dr. Bonar.

Dr. Bonar, a treating orthopedic surgeon, stated that Mr. Clark was only capable of working on a job with sit-down duties, but that when she saw Mr. Clark he was not capable of returning to gainful employment because he was so "distraught" about his leg.

Dr. Sandow, an orthopedic surgeon who examined Mr. Clark, stated "from a medical viewpoint, I would consider Mr. Clark as totally disabled."

Dr. Hedges, a neurologist, stated that Mr. Clark was not a good candidate to return to a full-time job in the labor market, and it would be speculative to conclude that Mr. Clark would be able to work part time or do occasional work.

Dr. Pro, a psychiatrist, stated that Mr. Clark's psychological disability combined with his neurological and orthopedic problems precluded him from working.

Dr. Chris Fevurly, an internist, concluded that Mr. Clark could do sedentary work but he should not drive nor operate heavy machinery while taking some of his prescription medications.

Dr. Stanley V. Butts, a psychologist, testified that while he believed Mr. Clark had a pain disorder, he could not attest to its severity.

Dr. Michael J. Dreiling, a vocational expert, testified that Mr. Clark could not perform any of his past jobs or perform any work in the competitive labor market. He stated that no employer in the usual course of business would be reasonably expected to hire Mr. Clark, and Mr. Clark was not an appropriate candidate for any retraining or vocational placement services.

Employer suggests that the Commission's award did not properly weigh and consider the testimony of three treating physicians. Employer's argument that the Commission rejected the testimony of Drs. Kloster, Caffrey, and Butts in contravention of *Garibay v. Treasurer of Missouri*, is without merit. 930 S.W.2d 57 (Mo.App. E.D.1996). In *Garibay*, the appellate

court reversed the Commission's denial of benefits, stating "we think it is unusual that the conclusions of all of the experts in this case were virtually ignored." *Id.* at 61. The court faulted the Commission in reaching its findings, observing that its reasoning was not clearly set forth. *Id.*

In contrast to the facts of *Garibay,* a review of the ALJ's findings of fact and conclusions of law as adopted by the Commission in the case *sub judice* reveals that the ALJ *carefully considered* the testimony of all of the examining and treating doctors. In support of his finding that Mr. Clark was unable to return to any employment, rendering him permanently and totally disabled, the ALJ noted, *inter alia,* the various doctors' testimony set forth above. The ALJ concluded that "Drs. Abrams, Sandow, and Pro were credible in their opinions." These doctors confirmed that Mr. Clark was permanently and totally disabled.

The ALJ also noted that the vocational expert was credible in his opinion that there were no jobs that Mr. Clark could perform. The ALJ determined that "there was no credible, objective, or competent evidence that [Mr. Clark] could return to work as an automobile mechanic." The ALJ further found that while some doctors had concluded that Mr. Clark could do sedentary work, according to the vocational expert, "there were no such jobs that Mr. Clark could do when all the factors were considered."

■ Employer's argument that the Commission's award improperly rejected the testimony of Dr. Caffrey when it found his testimony was entitled to "little, if any weight" is similarly without merit. In the present case, conflicting testimony was presented as to whether Mr. Clark was capable of sedentary employment. Nevertheless, "the Commission's decision will be upheld if it is consistent with either of two conflicting medical opinions." *See Kuykendall v. Gates Rubber Co.,* 207 S.W.3d 694, 710 (Mo.App. S.D.2006). As stated, *supra,* this court does not reweigh the evidence, *see Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003), but we defer to the Commission's findings on issues of the weight and credibility given to medical testimony. *ABB Power T & D Co. v. Kempker,* 236 S.W.3d 43, 49 (Mo.App. W.D.2007). Moreover, "[t]he Commission, as the finder of fact, is free to believe or disbelieve any evidence," and this court is bound by the Commission's factual determinations. *Id.*

In the case *sub judice,* the ALJ explicitly considered all contrary opinions before determining that the most credible competent evidence supported the finding that Mr. Clark was rendered permanently and totally disabled by work injuries. This finding is supported by sufficient competent evidence.

■ Lastly, we note that Employer relies heavily on the argument that Mr. Clark was purposefully exaggerating his symptoms. Again, this court defers to the Commission's determination as to the credibility of witnesses. *Birdsong v. Waste Mgmt.,* 147 S.W.3d 132, 139–40 (Mo. App. S.D.2004). The ALJs findings adopted by the Commission specifically found that Mr. Clark made a credible witness. This finding is similarly supported by sufficient competent evidence.

The point is denied.

### Point II

■ Employer next claims that the Commission's award of attorneys' fees and costs was not supported by sufficient competent evidence. The ALJ's award as adopted by the Commission found that Employer stymied all efforts to settle the case. Employer's attorney admitted that

Employer would not respond to his phone calls when he sought authority to make a settlement offer to Mr. Clark. Employer's attorney further admitted that Employer refused to accept calls when he tried to relay settlement demands from Mr. Clark. After the court directed the parties to mediate the case on the morning of the hearing, Employer prevented any meaningful mediation, refusing to accept Employer's attorney's phone calls.

The ALJ concluded that the refusal to provide *any* settlement authority where Employer had not only admitted accident and liability, but its own evidence was clearly contrary to the "zero offer" position it took in the case, amounted to an unreasonable defense. Accordingly, the ALJ awarded attorneys' fees and costs assessed against Employer pursuant to section 287.560, based on the finding that Employer's conduct amounted to an unreasonable defense. The Commission approved and affirmed the award.

■ In general, costs of Missouri Division of Workers' Compensation proceedings are paid out of the state treasury fund. Section 287.560, RSMo. However, section 287.560 provides that "if the division or the commission determines that any proceedings have been brought, prosecuted or *defended without reasonable ground,* it may assess the whole cost of the proceedings upon the party who so brought, prosecuted or defended them." *Id.* (emphasis added). An employers defense is without reasonable ground where the employer offers " 'absolutely no ground, reasonable or otherwise' " for refusing benefits clearly owed to a claimant because his injury was indisputably work-related. *Landman v. Ice Cream Specialties, Inc.,* 107 S.W.3d 240, 250 (Mo. banc 2003) (quoting *Stillwell v. Universal Constr. Co.,* 922 S.W.2d 448, 457 (Mo.App. W.D.1996)) (*Landman* and *Stillwell* over-

*ruled on other grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003)).

In the present case, the ALJ cited *Monroe v. Wal–Mart Associates, Inc.,* to support the determination that Employer's defense of the claim was without reasonable ground. 163 S.W.3d 501 (Mo.App. E.D.2005). In *Monroe,* despite the employer's medical examiner's confirmation that the claimant's hernia was the result of her workplace injury, the employer did nothing to further settlement, resume negotiations, or promptly resolve the claim. *Id.* at 508. The court of appeals held that the denial of costs and fees in the award was error because the record did not support the conclusion that the employer had reasonable grounds on which to defend the claim once it received the doctor's report detailing the causal connection between the claimant's workplace injury and her hernia. *Id.* The court found that the employer's conduct by, *inter alia,* "forcing the claim to hearing even when faced with the reaffirmed conclusion of liability from its own expert only to admit knowledge, causation and liability after the [c]laimant incurred the costs of preparation" was egregious. *Id.*

As in *Monroe,* the Commission found that Employer's defense of the claim in the case *sub judice* was without reasonable ground. That Employer was liable for Mr. Clark's work-related injury was not disputed; the only dispute was the extent of his disability. Nevertheless, although Employer conceded that its own rating physicians found a certain percentage of disability, Employer spurned all efforts to resolve the matter, forcing a contested hearing. Employer refused to make any settlement offer, even rejecting attempts by its own attorney to obtain settlement authority. Equally troubling was Employer's unwillingness to engage in mediation of the case on the morning of the hearing.

The Commission's determination that although Employer admitted accident and liability it "refused to even listen to settlement demands" and "refused to negotiate in good faith" without justification, led it to conclude, "Clearly [Employer's] defense if one existed was contrary to its own evidence." We cannot say that Employer's conduct was not unreasonable.

It should be noted that the Commission did not award the *entire* cost of the proceedings against Employer, but awarded a portion of the costs and fees that, in the Commission's view, could have been avoided if Employer had offered to settle the case in accordance with its own evidence.

The Commission's award of attorneys' fees and costs is supported by competent substantial evidence and is not contrary to the overwhelming weight of the evidence.

The point is denied.

### Conclusion

A review of the record reveals that sufficient competent and substantial evidence exists to support the Commission's award. The award is affirmed.

All concur.