Vanessa CRUMPLER, Appellant,

v.

WAL–MART ASSOCIATES, INC., and American Home Assurance, Respondents.

No. SD 29489.

Missouri Court of Appeals, Southern District, Division One.

June 24, 2009.

---

Randy Charles Alberhasky, The Alberhasky Law Firm, P.C., Springfield, for Appellant.

Jerry A. Harmison, Jr., Brooke Smith, Harmison & Pearman, P.C., Springfield, for Respondents.

DANIEL E. SCOTT, Presiding Judge.

Appellant, an insulin-dependent diabetic, worked at a Wal–Mart deli. She started her work shift one day around 6:30 or 7 a.m. Around 11 a.m., she asked to take lunch. Since they were shorthanded, her supervisor said to wait for a co-worker to return, which would take about 15 minutes.

Soon thereafter, Appellant passed out due to low blood sugar. She was transported to the hospital over her husband's objection;[1] released the same day; and billed $3,154.38. She recovered fully and returned to work five days later.

Appellant filed a workers' compensation claim. At the hearing, she sought only $3,154.38 (her ambulance/hospital bill) and offered no medical testimony. The administrative law judge found the injury idiopathic; thus, not compensable.[2] The Labor and Industrial Relations Commission unanimously affirmed and adopted the ALJ's decision.

### Principles of Review

Our review is limited. The Commission's factual findings bind us if supported by competent and substantial evidence in the context of the whole record. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003). We defer to the Commission's assessment of witness credibility and the weight given to testimony. *Hawthorne v. Lester E. Cox*

*Medical Centers,* 165 S.W.3d 587, 592 (Mo. App.2005). We apply these rules to the ALJ's decision, which the Commission adopted as its final award. *Id.*

### Point I—Injury Not Idiopathic

Appellant testified that she passed out from low blood sugar at least several times per year. She had trouble keeping appropriate blood sugar levels; became sluggish and incoherent if her blood sugar fell; and passed out if it dropped too low. The remedy was to ingest candy to raise her sugar level.

Such evidence supports the Commission's conclusion that, "[c]learly, the evidence demonstrates that Employee collapsed because of an idiopathic condition, peculiar to herself: her *diabetic condition.*" Yet, Appellant disputes such finding, claiming that her injury was "directly caused" by Wal–Mart's failure to promptly grant her a lunch break.

Whether to award compensation based on an injury's relation to an idiopathic cause is a question of causation (*Ahern,* 254 S.W.3d at 134), and thus, a fact issue solely for the Commission's determination. *Henley v. Fair Grove R–10 School Dist.,* 253 S.W.3d 115, 131 (Mo.App. 2008). Since Appellant had passed out numerous times away from work, and recalled no warning symptoms on this occasion, her work-relatedness claim "must be proven by medical testimony, 'without which a finding for claimant would be based on mere conjecture and speculation and not on substantial evidence.'" *Shel-*

---

1. The husband was called at home. He was familiar with Appellant's condition and was diabetic himself. He did not want his wife taken to the hospital for what he deemed a minor incident since they had no health insurance.

2. An idiopathic condition is one "peculiar to the individual, innate." *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 527 n. 3 (Mo. banc 1993); *Ahern v. P & H, LLC,* 254 S.W.3d 129, 133 (Mo.App.2008). "An injury resulting directly or indirectly from idiopathic causes is not compensable." RSMo § 287.020.3(3)(2005 supp.).

*ton v. City of Springfield*, 130 S.W.3d 30, 38 (Mo.App.2004)(quoting *Grime v. Altec Industries*, 83 S.W.3d 581, 583 (Mo.App. 2002)). Since Appellant offered no such testimony, Point I cannot succeed.[3]

### Point II—Failure to Plead

█ Appellant also renews her argument that the Commission could not consider idiopathy since it was not pleaded as an affirmative defense. The Commission disagreed, finding no legal support for Appellant's argument, and no prejudice because the record refuted any "serious claim that Employee was unaware of Employer's theory of defense prior to the hearing." The latter circumstance defeats this point. "It is enough that the defense has been litigated before the Commission, whether pleaded or not." *Snow v. Hicks Bros. Chevrolet, Inc.*, 480 S.W.2d 97, 100 (Mo.App.1972). We deny Point II and affirm the Commission's award.[4]

BARNEY and BATES, JJ., concur.

---

3. Claimant suggests that Wal–Mart's actions violated the Americans with Disabilities Act and Missouri Human Rights Act, but cites no meaningful factual or legal support therefor. *Compare Ahern*, 254 S.W.3d at 134 n. 2.

4. Wal–Mart's motion seeking remedies for frivolous appeal is denied.