**Carl CANTRELL, Deceased, Kim Cantrell, Widow, Appellant,**

**v.**

**BALDWIN TRANSPORTATION, INC., Employer, Cherokee Insurance Company, and Treasurer of Missouri as Custodian of Second Injury Fund, Respondents.**

No. SD 29642.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 21, 2009.

**18**

Randy Charles Alberhasky, The Alberhasky Law Firm, P.C., Springfield, MO, for Appellant.

Patricia L. Musick, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Springfield, MO, for Baldwin & Cherokee Ins.

ZEL M. FISCHER, Special Judge.

Kim Cantrell (Claimant) appeals a denial by the Labor and Industrial Relations Commission (Commission) of a claim for permanent partial disability benefits for injuries sustained by her husband, Carl Cantrell (Employee), deceased, arising out of and in the course of his employment with Baldwin Transportation, Inc. (Employer). The Commission's denial of permanent partial disability benefits is affirmed.

## SUMMARY OF FACTS

Employee fell and injured his left shoulder and wrist while working for Employer on December 11, 2006. The parties agree that Employee's injuries arose out of and in the course of his employment; that Employer was subject to, and Claimant covered by, the Workers' Compensation Law; and that Employer was fully insured. Claimant[1] timely filed a claim for disability benefits with the Commission. Employer paid amounts for temporary total disability benefits and medical expenses. Claimant made no claim for additional medical or temporary total disability benefits.

Employee died July 6, 2007, from cancer, a cause unrelated to his occupational injuries. The issues before the Commission were (1) whether permanent partial disability accrued prior to Employee's death and, if so, (2) the nature and extent of permanent partial disability. The Commission found Claimant failed to establish permanent partial disability benefits had accrued prior to Employee's death. Because Claimant failed to establish that any permanent partial disability benefits accrued prior to the Employee's death, the Commission's decision is affirmed. It is not necessary to address the second issue.

## STANDARD OF REVIEW

Appellate review of a decision by the Commission is governed by § 287.495.1, RSMo 2000. The appellate court may modify, reverse, remand for rehearing, or set aside the final decision if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant making the award. *Miller v. Missouri Highway and Transp. Comm'n*, 287 S.W.3d 671, 672 (Mo. banc 2009); *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo. banc 2003). The appellate court does not review issues involving credibility of witnesses and the weight to be given testimony, but rather defers to the Commission's determination regarding those issues. *Totten v. Treasurer of State*, 116 S.W.3d 624, 627 (Mo.App.2003); *Reed v. Associated Electric Co-op.*, —— S.W.3d ——, 2009 WL 1957291, at *4 (Mo.App.2009); *Crumpler v. Wal–Mart Assoc., Inc.*, 286 S.W.3d 270, 272 (Mo.App.2009). Findings of the administrative law judge adopted by the Commission and incorporated into the Commission's decision are reviewed by the appellate court as the findings of the Commission. *Totten*, 116 S.W.3d at 627; *Lacy v. Federal Mogul*, 278 S.W.3d 691, 699 (Mo.App.2009); *Clayton v. Langco Tool & Plastics, Inc.*, 221 S.W.3d 490, 491 (Mo.App.2007). The Commission, as the finder of fact, is free to believe all, part, or none of the evidence presented.[2] The appellate court independently reviews interpretations of law and applications of law for correctness. *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 287 (Mo. banc 1995); *Reed*, ——, 2009 WL 1957291 at *4; *Shipp v. Treasurer of State*, 99 S.W.3d 44, 50 (Mo.App.2003) (overruled on other grounds by *Hampton*, 121 S.W.3d at 224); *Totten*, 116 S.W.3d at 627.

---

1. Employee's widow, Kim Cantrell, is the substituted claimant.

2. The Claimant has not raised the issue in this case that the final award denying compensation is against the weight of the evidence. Only in rare cases will an appellate court find a determination by the Commission to be against the overwhelming weight of the evidence. *Caldwell v. Delta Exp., Inc.*, 278 S.W.3d 251, 252–53 (Mo.App.2009); *Hartle v. Ozark Cable Contracting*, 291 S.W.3d 814, 815–16 (Mo.App.2009); *Lacy*, 278 S.W.3d at 699.

### DISCUSSION

■ Claimant asserts the Commission erred in denying her claim for permanent partial disability benefits in that Employee had reached maximum medical improvement prior to, or at, his death and that a finding of permanent partial disability is supported by the medical testimony.

The Commission denied Claimant benefits based on its conclusion that Claimant failed to establish permanent partial disability benefits had accrued prior to Employee's death. It found Employee's treating physician had recommended surgery during her last examination of Employee prior to his death; that Employee was still being treated for his injuries; and that Employee had not reached maximum medical improvement at the time of death. It found the disability ratings provided by the medical testimony (even though at times couched in terms of "reasonable medical certainty") to be speculative and, therefore, insufficient to meet Claimant's burden of proof. A detailed explanation of evidence and testimony presented by the parties in this case concerning the element of maximum medical improvement is not necessary to resolve this case. A review of the whole record indicates that there was sufficient evidence to support the outcome sought by the Claimant as well as the outcome sought by Employer. The Commission, as the finder of fact, was free to disbelieve the testimony offered by the Claimant's experts.

■ Claimant additionally asserts that Employee reached maximum medical improvement as a matter of law June 11, 2007, in that he reasonably and voluntarily terminated further treatment. Claimant asserts a finding of maximum medical improvement is supported by evidence that

Employee's treatment was put "on hold"; that the doctor stopped treating Employee because Employee was not a candidate for surgery; that Employee never resumed treatment; and that Employee's death rendered it impossible for him to receive medical treatment or improve any further.

■ Permanent partial disability benefits are provided for in § 287.190, RSMo Supp.2005. A "permanent partial disability" is a disability that is permanent in nature and partial in degree. § 287.190.6(1). The level of permanent partial disability associated with an injury cannot be determined until the injury "reaches a point where it will no longer improve with medical treatment" or, in other words, reaches maximum medical improvement. *Cardwell v. Treasurer of State*, 249 S.W.3d 902, 910 (Mo.App.2008).

Section 287.230.1, RSMo 2000, provides upon the death of an employee due to causes unrelated to a work injury, "any accrued and unpaid compensation due the employee shall be paid to his dependents without administration."

■ "The primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *South Metro. Fire Prot. Dist. v. City of Lee's Summit*, 278 S.W.3d 659, 666 (Mo. banc 2009). The term "accrued" is not defined in the statute, so it is given its plain and ordinary meaning. "Accrued" means "to come into existence as a legally enforceable claim." MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY (11th ed.2003).[3]

---

3. See also "accrued liability" defined as "the portion of an accruing liability that has become definitely ascertainable and chargeable though actual payment thereof is not yet due." WEBSTER'S THIRD NEW INT'L DICTIONARY (3rd ed.1966).

The plain language of the statute means the Claimant's right to permanent partial disability had to have existed as a matter of fact prior to Employee's death in order for her to be entitled to compensation. The Commission properly found no such right had accrued because Employee had not reached maximum medical improvement.

The Commission's final award denying compensation is affirmed.

LYNCH, P.J., and RAHMEYER, J., concur.