Harold **GREGORY**, Appellant,

v.

**DETROIT TOOL & ENGINEERING**
**and CNA Insurance Company,**
**Respondents.**

**No. 28940.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 23, 2008.

John O. Newman, for appellant.

Kevin M. Johnson, Overland Park, KS, for respondents.

DANIEL E. SCOTT, Presiding Judge.

Harold Gregory (Claimant) hurt his back at work in 1998 and eventually filed a workers' compensation claim. His employer, Detroit Tool (Employer), provided treatment through Dr. Ted Lennard. In 1999, Dr. Lennard released Claimant back to work with an 8% permanent partial disability (PPD) rating and minor work restrictions.[1] Claimant returned to his old job and worked full time, including some overtime, until 2003.

An ALJ found Claimant permanently and totally disabled from the 1998 injury. The Labor and Industrial Relations Commission reduced the award, consistent with Dr. Lennard's rating and testimony, to 8% PPD of the whole body. Claimant asserts that the Commission's decision is not supported by substantial evidence.

1. The only restrictions were "to avoid prolonged bending, occasional lifting of 40 lbs and occasional standing." The lifting restriction may have been reduced to 10 pounds sometime later. In any event, Employer accommodated Claimant's restrictions by providing a helper to do lifting and loading tasks.

██ We review the Commission's findings, not those of the ALJ. *Clark v. FAG Bearings Corp.*, 134 S.W.3d 730, 734 (Mo.App.2004). We examine the whole record to see if sufficient competent and substantial evidence supports that award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003).[2] This standard is not met in the rare case when the Commission's award is contrary to the overwhelming weight of the evidence. *Id.* at 223. We defer to the Commission's assessment of witness credibility and the weight given to testimony, including medical evidence. *Hawthorne v. Lester E. Cox Medical Centers*, 165 S.W.3d 587, 592, 595 (Mo.App.2005). Thus, we will affirm the Commission's choice between conflicting medical opinions if it is supported by competent and substantial evidence. *Kuykendall v. Gates Rubber Co.*, 207 S.W.3d 694, 706 (Mo.App.2006).

██ After examining the whole record, we cannot say the Commission's award is unsupported by competent and substantial evidence or against the overwhelming weight of the evidence. In 2004, Dr. Lennard re-examined Claimant and rated his PPD at 20% of the body, with 10% attributable to work and 10% to degenerative changes unrelated to work. Dr. Lennard testified, as to the former, that 8% was from the 1998 injury and 2% from a later work incident. All such testimony and evidence was admitted without objection. The Commission, in its award, repeatedly explained why it found Dr.

Lennard's opinions "by far the most credible, persuasive and trustworthy," including that he "actually treated [Claimant] for the accident occurring June 19, 1998, and was in the best position to render credible medical opinions as to the nature and extent of permanent disability" relating thereto. We defer to such credibility determinations.[3]

██ Certainly there was sufficient evidence to support the ALJ's determination, but the Commission is not bound or obligated to yield thereto. *Garrett v. Treasurer of State of Missouri*, 215 S.W.3d 244, 250–51 (Mo.App.2007). Claimant considers his evidence more persuasive, but our standard of review compels us to defer to the Commission's credibility decision when, as here, there is competent and substantial evidence both ways. We affirm the Commission's award.

BARNEY and BATES, JJ., concur.

██

---

2. We cite several cases herein that were among many overruled by *Hampton* on an unrelated issue (*Id.* at 224–32). Such cases do not otherwise conflict with *Hampton* and are cited for legal principles unaffected thereby; thus we will not further note *Hampton's* effect thereon.

3. Claimant argues that Dr. Lennard's opinions, although "competent," were not "substantial" because three witnesses differed with him. " 'Substantial' does not necessarily mean quantity or even quality, it simply means that the evidence relied on must be probative of the issues it was offered to prove." *Banther v. Drew*, 171 S.W.3d 119, 124–25 (Mo.App.2005). Dr. Lennard's testimony was probative of Claimant's disability; indeed, the Commission found it particularly so. Thus, it was substantial evidence supporting the award.