Ray VINCENT, Claimant–Respondent,

v.

MISSOURI STATE TREASURER as Custodian for the Second Injury Fund, Employer/Insurer–Appellant.

No. SD 29500.

Missouri Court of Appeals, Southern District, Division two.

July 8, 2009.

---

Chris Koster, Atty. General, Cara Lee Harris, Springfield, for Appellant.

Frank D. Eppright, Kansas City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

The Second Injury Fund ("Appellant") brings two claims of error against the Missouri Labor and Industrial Relations Commission ("the Commission") for awarding workers' compensation benefits to Ray Vincent ("Claimant/Respondent"). First, Appellant claims that the Commission should have enforced a purported settlement agreement because "it was agreed to by all parties, witnessed by an [Administrative Law Judge, ("ALJ")], and was fair and reasonable based on the facts and evidence in existence at that time." Sec-

ond, Appellant claims that the evidence did not establish that Claimant/Respondent was permanently and totally disabled. Finding no error, we affirm.

We turn our attention first to Appellant's contention that the Commission should have enforced an agreement between the parties. Section 287.390.1 provides that parties to a claim may enter (1) voluntary agreements of settlement but, significantly, adds, (2) that no agreement waives workers' compensation rights until "approved by an administrative law judge or commission" and, further, (3) that the Commission shall approve an agreement only if it is "not the result of undue influence or fraud, the employee fully understands his or her rights and benefits, and voluntarily agrees to accept the terms of the agreement." [1] The Commission found against Appellant on all three factors under section 287.390.1.

First, the Commission found that the parties did not identify the specific terms of the settlement agreement. It found that there may have been an agreement in principle, at most, to resolve the case, but said agreement was not reduced to writing and was conditioned on the parties being able to agree to inclusion of language associated with a desire to achieve avoidance of a social security offset and approval by an ALJ. Although Appellant's counsel argued vigorously that she, as the attorney for Appellant, would have approved any offset language that would have been proposed to the agreement and, therefore, there was nothing left to decide, what counsel fails to understand is that there is nothing in the record to support that argument. Specifically, there is no record of the official position of Appellant regarding offset language for social security in agreements, nor is there anything in the record at the time of the agreement that supports that contention. Appellant's *post hoc* claim does not withstand scrutiny. Thus, the Commission found no "agreement" in the first place.

Second, the Commission specifically found that any purported agreement had never been approved by the ALJ or the Commission and that the parties "did not ask [the ALJ] to approve the agreement." Appellant does not refute that claim but argues that Claimant/Respondent was questioned under oath about the purported agreement. Appellant argues the lack of any comment by the ALJ indicates that the ALJ did not have any concerns about the agreement. Again, Appellant has no evidence to support its claim that the ALJ was unconcerned about Respondent being under duress or being truthful in his responses; rather, Appellant draws the conclusion that the lack of any statement by the ALJ supports its conclusions. Unfortunately for Appellant, the Commission found to the contrary. Appellant cited to no cases supporting its claim that the failure of the ALJ to approve or disapprove the agreement is tantamount to a silent approval and the Commission did not find any such approval. The fact that the ALJ made no statements approving the settlement or finding an agreement or finding it to be a valid agreement does not support Appellant's claim that there was "silent" approval of the agreement.

Finally, the Commission found the evidence supportive of a finding that Claimant/Respondent did not understand his rights and the consequences of entering into a settlement agreement. The Commission was further concerned that

---

1. All references to statutes are to RSMo 2000, unless otherwise specified; however, we note that section 287.390.1 was amended in 2005.

Claimant/Respondent entered into the oral agreement under stress. Those findings are based upon testimony provided at the hearing. Claimant/Respondent was the only witness on the issue of the settlement at the hearing. The attorney at the settlement hearing was not a witness at the second hearing. We defer to the Commission on credibility findings. *Caldwell v. Delta Exp., Inc.,* 278 S.W.3d 251, 253 (Mo. App. S.D.2009); *Doerr v. Teton Transp., Inc.,* 258 S.W.3d 514, 522 (Mo.App. S.D. 2008); *Gregory v. Detroit Tool & Engineering,* 266 S.W.3d 844, 846 (Mo.App. S.D.2008). Point I is denied.

■ In its second point, Appellant claims "the evidence did not establish that [Claimant/Respondent] was permanently and totally disabled from [a combination of the disability from his injury of November 14, 2000 and his disabilities which predated that injury] in that the subsequent deterioration of his pre-existing disabilities, particularly the CMT must be considered to find him permanently and totally disabled." Appellant does not dispute that Claimant/Respondent was "more likely than not permanently and totally disabled," but argues that the Commission's decision "on the issues is incorrect and based on misconceptions of the evidence it relied upon." Appellant then is challenging the conclusions drawn from the evidence relied upon by the Commission.

■ Where, as here, the award and decision of the ALJ is attached and incorporated by reference by the Commission, this Court considers the findings and conclusions of the Commission as including the ALJ's award. *Caldwell,* 278 S.W.3d at 252. Upon review, this Court may modify, reverse, remand for rehearing or set aside the Commission's award only if we determine that the Commission acted without or in excess of its powers; that the award was procured by fraud; that the facts found by the Commission do not support the award; or that there was not sufficient, competent evidence in the record to warrant the award. *Id.* We examine the whole record in judging whether the award is supported by sufficient, competent evidence. *Id.* We will find an award by the Commission to be contrary to the overwhelming weight of the evidence only in rare cases. *Id.*

The Commission noted the medical opinions of two doctors, one of whom said, "I find that based on the combined effects of past and present injuries that [Claimant/Respondent] is permanently totally disabled." Appellant complains that the Commission disregarded a statement where that doctor recommended a vocational assessment and a functional capacity evaluation. Appellant further complains that one doctor found permanent total disability with regards to Medicaid eligibility and not workers' compensation purposes. Finally, Appellant finds fault with a third doctor and the vocational experts relied upon by the Commission and claims the Commission ignored the opinions of other medical providers. Appellant claims the third doctor's reports were either untimely or insufficient. Although Appellant cites to evidence supporting its claim, as noted, "we defer to the Commission's assessment of witness credibility and the weight given to testimony, including medical evidence." *Gregory,* 266 S.W.3d at 846. Appellant's second point is denied.

The award is affirmed.

LYNCH, C.J., PARRISH, J., concur.