**Judy A. HARTLE, Employee–Appellant,**

v.

**OZARK CABLE CONTRACTING, Employer–Respondent,**

and

**Grinnell Mutual Reinsurance Co., Insurer–Respondent.**

**No. SD 29197.**

Missouri Court of Appeals, Southern District, Division Two.

July 10, 2009.

Rehearing Denied July 30, 2009.

Application for Transfer Denied Oct. 6, 2009.

Robert M. Ramshur, Piedmont, MO, for Appellant.

Philip M. Eisele, St. Louis, MO, and Brad A. Elward, Peoria, IL, for Respondent.

DON E. BURRELL, Presiding Judge.

On September 17, 2002, Judy Hartle ("Claimant") fell off a ladder and injured her right knee while acting within the course and scope of her employment for Ozark Cable Contracting. The Labor and Industrial Relations Commission (the "Commission") found that, as a direct result of this fall, Claimant sustained a 45% partial permanent disability of the right knee and awarded her compensation accordingly. Claimant's sole contention on appeal is that all of the competent and substantial evidence established that she was totally disabled as a result of the fall.

## I. Standard of Review

We address Claimant's sole point by reviewing the whole record to determine whether the Commission's award was supported by sufficient competent and substantial evidence. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). While we do not view the evidence in the light most favorable to the Commission's award,

> [w]e will find an award by the Commission to be contrary to the overwhelming weight of the evidence only in rare cases. Further, we do not review issues involving the credibility of witnesses and

the weight to be given their testimony. Rather, we defer to the Commission's determinations regarding those issues. *Caldwell v. Delta Exp., Inc.*, 278 S.W.3d 251, 252–53 (Mo.App. S.D.2009) (citing *Doerr v. Teton Transp., Inc.*, 258 S.W.3d 514, 522 (Mo.App. S.D.2008)). The Commission, as the trier of fact, is free to believe all, part, or none of the evidence presented. *Mihalevich Concrete Const. v. Davidson*, 233 S.W.3d 747, 755 (Mo.App. W.D.2007) (citing *Higgins v. Quaker Oats Co.*, 183 S.W.3d 264, 270 (Mo.App. W.D. 2005)).

## II. Analysis

Claimant had the burden of establishing that she suffered a permanent total disability; that she could not compete in the open labor market and was, therefore, unable to return to any employment. *Clark v. Harts Auto Repair*, 274 S.W.3d 612, 616 (Mo.App. W.D.2009); *Kuykendall v. Gates Rubber Co.*, 207 S.W.3d 694, 709 (Mo.App. S.D.2006).

Claimant underwent two independent medical evaluations. Both evaluations indicated Claimant could return to work if she could find employment compatible with her diagnosed physical restrictions. Two vocational rehabilitation consultants, Gary Weimholt ("Weimholt") and Karen Thaler-Kane ("Kane"), testified via deposition.

Weimholt interviewed Claimant and reviewed her medical reports and work history. Weimholt also tested Claimant to measure her achievement levels in reading, spelling, and arithmetic. Weimholt conducted further tests to determine Claimant's learning ability and aptitude for simple assembly work. Based on Claimant's medical restrictions and her skills as revealed by his testing, Weimholt determined Claimant to be "disabled vocationally from working in the open competitive labor market." In reaching this conclu-

sion, however, Weimholt factored in other injuries Claimant had sustained to her left knee and low back.[1] Weimholt stated, "I don't know how she would present if she had no problems with her left knee or low back or how her actual presentation would be. It's possible that that would or would not change my opinion but I would doubt that it would change my opinion."

Kane did not interview Claimant but reviewed her deposition testimony and medical reports. Kane also reviewed Weimholt's deposition testimony and vocational report. In evaluating Claimant's work history, Kane found that Claimant had skills that were transferable from her previous jobs. Kane then looked in the Dictionary of Occupational Titles ("DOT") to find jobs that fit Claimant's skills. Kane then called employers in areas near Claimant's current and recent residences to determine whether jobs matching her skills existed in those markets.[2] Kane then identified potential jobs Claimant might qualify for, given her medical restrictions and transferable skills. Kane concluded Claimant "would be able to seek and accept employment" in open labor markets where she currently or recently lived.

The Commission found Kane's opinion as to Claimant's employability more credible than Weimholt's. The Commission further found "that [Weimholt's] opinion on permanent and total disability is affected by the fact that [Claimant's] left knee and low back were part of [Claimant's] overall condition when [Weimholt] determined her employability." The Commission concluded that "[t]he evidence does not support a finding that the employee is unemployable in the open labor market"; therefore, Claimant was not permanently and totally disabled.

 Claimant alleges Kane's evaluation lacked a proper foundation and was speculative because it was not based on competent and substantial evidence. Evidence is "competent" if it is relevant and admissible. *Byous v. Missouri Local Gov't Employees Ret. Sys. Bd. of Trustees*, 157 S.W.3d 740, 744 (Mo.App. W.D.2005). If evidence is probative of the issues it was offered to prove, then it is "substantial." *Gregory v. Detroit Tool & Engineering*, 266 S.W.3d 844, 846 n. 3 (Mo.App. S.D. 2008). Claimant first complains that Kane did not interview or test Claimant herself but based her opinion entirely on a review of "various records" and Weimholt's test data. Claimant also points out that Kane did not challenge any of Weimholt's test results or analysis. Claimant further argues that Kane admitted in her deposition that she may have "misinterpreted" some of Claimant's skills from her work history, that another definition from the DOT more accurately described Claimant's prior work duties than the definition she used in her report, and that either one of the jobs listed in her report is not actually in the DOT or she "miswrote" the DOT identification number for it. Claimant's final complaint is that Kane's report does not identify by name any employers in the Piedmont or Licking areas (where Claim-

---

1. Although Claimant filed an amended claim seeking additional compensation for her left knee, right hip, and low back, neither medical opinion found any causal connection between those injuries and Claimant's fall. The Commission denied Claimant's request for compensation for these injuries, finding insufficient evidence to establish that they resulted from Claimant's poor gait resulting from the right knee injury she sustained in the fall from the ladder.

2. Claimant lived in St. Louis from September of 2002, until May of 2004. Claimant then lived for about a month in Piedmont. Claimant currently lives with her daughter between Houston and Licking.

ant currently lives) that would hire someone with Claimant's skills and physical limitations.

Claimant's complaints bear on the quality or credibility of the evidence (issues for the Commission to take into account when it renders its decision), but they do not bear on whether the evidence was competent (relevant and admissible) or substantial (probative of the issues it was offered to prove). Claimant does not allege that she challenged the admissibility of Kane's testimony at the hearing on her claim. "A party is not permitted to 'backdoor' an issue relating to the admissibility of expert testimony under the guise of a sufficiency of the evidence argument." *Lacy v. Federal Mogul,* 278 S.W.3d 691, 700 (Mo.App. S.D.2009) (citing *Callahan v. Cardinal Glennon Hosp.,* 863 S.W.2d 852, 860 (Mo. banc 1993)).

Kane and Weimholt were both licensed vocational rehabilitation counselors. Both based their respective evaluations on Claimant's medical and work histories.[3] Both provided an opinion about Claimant's employability. Both evaluations constituted competent and substantial evidence of Claimant's ability to compete in the open labor market. Which opinion the Commission found more credible or persuasive was for it to determine.

Because the record reveals that the Commission's decision was supported by competent and substantial evidence, it is affirmed.

PARRISH and RAHMEYER, JJ., Concur.

---

**3.** While Claimant complains that Kane relied on the results of Weimholt's testing in reaching her opinion instead of conducting her own tests, Claimant provides no authority for the proposition that a vocational rehabilitation expert cannot rely on testing data procured by another such expert.