**Dennis PAYNE, Appellant,**

v.

**THOMPSON SALES COMPANY, Missouri Automobile Dealers Association and Treasurer of the State of Missouri, as Custodian for the Second Injury Fund, Respondents.**

**No. SD 30132.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 24, 2010.

William D. Powell, Daniel, Powell, Wesley & Brewer, Springfield, for Appellant.

Christina R. Schoeppey, Rathmel & Belden, for Respondents Thompson Sales and MO Automobile Dealers Assoc.

DANIEL E. SCOTT, Chief Judge.

Dennis Payne (Claimant) appeals from a final award denying his workers' compensation claim,[1] and candidly admits that he must win all four of his points to prevail. We find no merit to his third point, which challenges the ALJ's "prevailing factor" finding,[2] and affirm without reaching the other issues.

## Background/Principles of Review

Claimant sought benefits for a neck injury allegedly suffered while shoveling ice and snow at work on November 17, 2006. He reported nothing to his employer, then or for the next six weeks, and kept working without interruption. He went to the emergency room on December 27 and reported a history of pain for two days. He had an MRI soon thereafter, then surgery on January 6 for a "huge ruptured cervical disk at the C6–7 level." The surgeon's records did not mention a work injury. After the surgery, Claimant first reported a work-related injury to his employer's human resources coordinator.

The ALJ who heard the evidence at the hearing did not think Claimant was lying about the shoveling incident, but was "not persuaded" that it caused the ruptured disc that was later found and surgically repaired.

Whatever occurred on November 17, 2006, is not the prevailing cause of Claimant's ruptured or herniated cervical disc and subsequent need for sur-

---

1. Statutory references are to the Worker's Compensation Act, RSMo chapter 287, as amended through 2005 (the "Act"). We review the ALJ's decision since the Labor and Industrial Relations Commission adopted it as its final award. *Casteel v. Gen. Council of Assemblies of God,* 257 S.W.3d 160, 162 (Mo. App.2008).

2. Per the Act's 2005 amendments, an injury by accident is not compensable unless the accident is the "prevailing" cause (*i.e.,* "the primary factor, in relation to any other factor") of both the resulting medical condition and disability. § 287.020.3(1). A "substantial factor" standard previously had been used. *See Johnson v. Indiana Western Express, Inc.,* 281 S.W.3d 885, 891 n. 5 (Mo.App.2009); *Gordon v. City of Ellisville,* 268 S.W.3d 454, 459 (Mo.App.2008).

gery. Section 287.020.3 RSMo Cum. Supp. (2006), provides that an injury is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability. . . .

Here, the evidence suggests that the November 17, 2006, incident was not significant since 1) Claimant did not immediately seek treatment, 2) he continued to work without interruption for a period of six weeks, 3) he did not make complaints of continued pain to most of his co-workers or any supervisors, 4) he did not ask for medical assistance and 5) he sought no accommodation in his job. There also is a complete lack of any contemporaneous corroborating medical history. Claimant's first visit to the emergency room in December 2006 states nothing of a work incident. Rather, Claimant's initial emergency room visit, made six weeks after the shoveling incident, indicates that Claimant's pain was of two days duration. These facts raise significant doubt as to whether the shoveling incident had anything to do with the cause of the herniation and subsequent need for surgery.

Conversely, Claimant had experienced a prior cervical disc. He had a prior surgery, which required the removal of cervical bone. The surgery resulted in the weakening of the cervical structure. Claimant's own expert, Dr. Koprivica, noted that Claimant had a preexisting weakness that was a factor in his most recent herniated disc. Dr[.] Mauldin indicated that Claimant's smoking also was a factor in weakening Claimant's cervical disc. Claimant also had suffered a prior lumbar disc herniation. Dr. Mauldin considered claimant's preexisting degenerative disc disease as a factor in Claimant's disc herniation. Based on all of the testimony and facts of this case, I find credible the opinion of Dr. Mauldin that the prevailing cause of Claimant's herniated disc was the preexisting disc degeneration and Claimant's genetic propensity to have spontaneous disc herniation. I accept Dr. Mauldin's opinion over that of Dr. Koprivica on this issue in this case. Compensation is denied.

These findings[3] bind us if supported by competent and substantial evidence in the context of the whole record. *See Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003). We defer to the ALJ as to witness credibility, the weight given to testimony, and the acceptance or rejection of medical evidence. *Hawthorne v. Lester E. Cox Medical Centers,* 165 S.W.3d 587, 592, 595 (Mo.App. 2005).

### Challenge to Prevailing Factor Determination

■ Claimant contends that the quoted findings are unsupported by competent and substantial evidence. We disagree, and in so doing, reject Claimant's suggestion that Dr. Mauldin's opinion does not satisfy this requirement.

■ In this context, evidence is "competent" if it is relevant and admissible, and is "substantial" if it is probative of an issue it was offered to prove. *Hartle v. Ozark Cable Contracting,* 291 S.W.3d 814, 816 (Mo.App.2009). Thus, "competent and substantial evidence" is admissible evidence, to the extent it is believed or taken as true, tending to prove or disprove a material issue.

**3.** We are not persuaded by Claimant's argument to disregard these findings as irreconcilably inconsistent with the ALJ's comments that Claimant was not "lying about having been hurt while shoveling" or that Claimant's witnesses "substantiated that Claimant immediately thereafter limited his physical activities due to physical discomfort."

Dr. Mauldin's opinion, if believed, tends to show the prevailing cause of Claimant's medical condition and disability. The ALJ believed Dr. Mauldin and, since Claimant did not object to his testimony, admissibility is not an issue.[4] Therefore, Dr. Mauldin's testimony is competent and substantial evidence supporting the award.

In fact, Claimant's complaints "do not bear on whether the evidence was competent (relevant and admissible) or substantial (probative of the issues it was offered to prove)," but "on the quality or credibility of the evidence (issues for the Commission to take into account when it renders its decision)." *Hartle,* 291 S.W.3d at 817. Here, the ALJ had opposing "prevailing cause" opinions from two experts, each of whom had examined Claimant, reviewed the medical records, and explained the basis for his opinion. Since each opinion was admitted into evidence without objection, the ALJ could consider both opinions and rely upon either. *Gordon,* 268 S.W.3d at 461. The ALJ believed Dr. Mauldin, a decision we are not authorized to second-guess. *Casteel,* 257 S.W.3d at 162.

Furthermore, this is not "the rare case when the award is contrary to the overwhelming weight of the evidence." *Hampton,* 121 S.W.3d at 223. Claimant's evidence would support a contrary decision, but is not so overwhelming that it compels us to reverse. The cause of a herniated disc has been held to be an issue for expert opinion. *See Silman v. William Montgomery & Associates,* 891 S.W.2d 173, 176 (Mo.App.1995).[5] The ALJ here was free to choose between the two opposing experts. We do not disrupt such choices, even if the competing expert is worthy of belief. *Hulsey,* 239 S.W.3d at 162. The ALJ believed Dr. Mauldin, and neither that choice nor Dr. Mauldin's opinion was against the overwhelming weight of the evidence.

### Conclusion

We need not address Claimant's other points. The ALJ found Claimant's shoveling incident was not the prevailing cause of his medical condition or disability, and as a result, § 287.020.3(1) barred recovery. Since Claimant's challenge to that finding fails, we must and hereby do affirm the award. *See* § 287.495.

LYNCH and FRANCIS, JJ., concur.

---

4.  *See also Hartle,* 291 S.W.3d at 817 (no "back-door" challenges to admissibility of expert opinion under guise of insufficient evidence claim).

5.  *Silman* is one of many cases overruled on an unrelated issue by *Hampton,* 121 S.W.3d at 224–32.