Herbert ROBBINS, Appellant,

v.

WEBCO, INC., and Missouri State Treasurer, as Custodian for the Second Injury Fund, Respondent.

No. SD 31607.

Missouri Court of Appeals,
Southern District,
Division Two.

June 18, 2012.

Randy Charles Alberhasky, The Alberhasky Law Firm, P.C., Springfield, for Appellant.

William C. Love and Andrew J. Donelan, Hyde, Love & Overby, LLP, Springfield, for Respondent.

DANIEL E. SCOTT, J.

Herbert Robbins, at age 19, lost his lower right leg to cancer. During a work shift 17 years later, his prosthesis failed. He sought a replacement through workers compensation. An ALJ denied the claim, finding that work was not the prevailing cause of the failure. Rather, the prosthesis had reached the end of its useful life and had worn out.

Robbins asserts on appeal that employers must replace prosthetics that fail in the workplace, regardless of cause. Alternatively, he contends that work *was* the prevailing cause of this failure. The latter claim ignores our standard of review; the former is simply wrong. We affirm the award as entered.

## Background

Robbins worked various places and went through three or four prostheses before Webco ("Employer") hired him. In January 2004, at a prior job, his knee frame shattered during heavy lifting. He got "the most heavy duty" replacement available, rated at 350 pounds, enough to support his body weight plus nearly 140 pounds. Robbins never again sought prosthesis service or repair.

Employer hired Robbins in 2006 to assemble components. He carried material, always less than 50 pounds, to his workstation up to 30 times daily. He was doing so in June 2008 when his knee unit's hydraulic pump failed. He hoped to replace only the failed part, but inspection revealed substantial wear throughout the whole prosthesis.

Needing a complete replacement, Robbins sought to get one through workers' compensation. It was not disputed that wear and tear from use caused this failure. Expert testimony established that this prosthesis should have lasted about four years; it had reached the "end of its life span" and was worn out. No expert ascribed the failure to a specific workplace event.

The ALJ found that Robbins did not lift weight greater than the device's rated capacity, failure was due to wear and tear not associated with a particular event, and work "was not the prevailing factor in causing this wear and tear." The Labor and Industrial Relations Commission unanimously affirmed the ALJ's decision, which we now review. *See Payne v. Thompson Sales Co.*, 322 S.W.3d 590, 591 n. 1 (Mo.App.2010).

1. *See Payne*, 322 S.W.3d at 591 n. 2.; §§ 287.020.3(1), 287.067.2 & .3. Statutory references are to the Worker's Compensation

## Point I

▉ Per statutory amendments in 2005, a workers' compensation claim is not compensable unless an accident or occupational exposure is the "prevailing" cause (*i.e.*, "the primary factor, in relation to any other factor") of both the resulting medical condition and disability.[1]

▉ Surprisingly, Robbins claims these amendments also make employers strictly liable when prosthetics break during work. He specifically cites §§ 287.020.2 & 287.020.3, which we quote in pertinent part because they say nothing of the kind:

2. The word **"accident"** as used in this chapter shall mean an unexpected traumatic event or unusual strain identifiable by time and place of occurrence and producing at the time objective symptoms of an injury caused by a specific event during a single work shift. An injury is not compensable because work was a triggering or precipitating factor.

3. (1) In this chapter the term **"injury"** is hereby defined to be an injury which has arisen out of and in the course of employment. An injury by accident is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability. "The prevailing factor" is defined to be the primary factor, in relation to any other factor, causing both the resulting medical condition and disability.

(2) An injury shall be deemed to arise out of and in the course of the employment only if:

> (a) It is reasonably apparent, upon consideration of all the circumstances, that the accident is the prevailing factor in causing the injury; and

Act, RSMo chapter 287, as amended through 2005 (the "Act").

(b) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

. . . .

(5) The terms **"injury"** and **"personal injuries"** shall mean violence to the physical structure of the body and to the personal property which is used to make up the physical structure of the body, such as artificial dentures, artificial limbs, glass eyes, eyeglasses, and other prostheses which are placed in or on the body to replace the physical structure and such disease or infection as naturally results therefrom.

Nonetheless, Robbins' theory (1) posits *ipse dixit* that "injury" has multiple meanings in these statutes; (2) argues solely from the same text that "as a matter of law a broken prosthetic leg is an 'injury' . . . *arising out of and in the course and scope of employment,* without reference to the prevailing factor test . . ." (his emphasis); and (3) portrays a broken prosthesis as an "injury" under § 287.020.3(5) "by definition . . . and therefore compensable if it occurs during a single work shift."

█ *None* of this follows from these statutes, whether read alone or in context of the Act. To the contrary, by defining "injury" as violence to the physical structure of the body *and to prostheses* therein or thereon, § 287.020.3(5) puts prosthetic and natural body parts on equal footing. There is no strict liability because a workplace injury is not compensable absent "causal connection of the work activity to the injury other than the fact of its occurrence while at work." *Miller v. Missouri Highway & Transp. Comm'n,* 287 S.W.3d 671, 674 (Mo. banc 2009). Point I fails.

## Point II

Robbins's alternative argument is easily summarized:

1. His prosthesis broke at work;

2. He used it at work "much more than he did anywhere else"; and

3. If "exposure to repetitive use at work is greater than the exposure to repetitive use outside of work, then the claim is compensable under [§ ] 287.067.3."

We reject this argument without reaching the third proposition because the second one ignores our standard of review.

█ "Robbins admitted in his deposition that he wore the prosthesis all the time," as the award correctly notes. He wore it while hunting, fishing, coaching baseball, and mowing the yard. The ALJ credited this evidence in discounting the contention—repeated on appeal—that Robbins rarely used his prosthesis away from work.

We cannot reweigh evidence or disregard findings supported by the record. *See Payne,* 322 S.W.3d at 592. The second premise of this argument fails our standard of review. We deny the point and affirm the award.

ROBERT S. BARNEY and JEFFREY W. BATES, JJ., CONCUR.