Judith FLACK, Respondent,

v.

**ST. JOHN'S MERCY MEDICAL CENTER, Appellant.**

No. ED 99711.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 22, 2013.

---

Stephen A. McManus, St. Louis, MO, for appellant.

Sam W. Eveland, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

St. John's Mercy Medical Center (Employer) appeals the decision of the Labor and Industrial Relations Commission awarding twenty-five percent permanent partial disability benefits in favor of Judith Flack (Employee), after she fell at work and suffered injuries to her neck, back, and extremities. Employer asserts that the Commission erred because the evidence does not support its decision. We affirm.

Our standard of review is set forth in section 287.495.1 RSMo. An appellate court shall only review questions of law and may modify, reverse, remand or set aside an award only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant the making of the award. *Id.* In the ab-

sence of fraud, the findings of fact made by the Commission within its powers shall be conclusive and binding. *Id.*

This court will uphold the Commission's award if it is supported by competent and substantial evidence and is not contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo.2003). The Commission, as the finder of fact, is free to believe or disbelieve any evidence. *Molder v. Missouri State Treasurer,* 342 S.W.3d 406, 409 (Mo.App.2011). We defer to the Commission's findings as to weight and credibility of testimony and are bound by its factual determinations. *Id.*

In its sole point, Employer asserts that the Commission's decision finding 25% PPD is not supported by sufficient competent evidence. Specifically, Employer argues that Claimant's expert, Dr. Woiteshek was less credible than its own expert, Dr. Coyle, and the Commission should have attributed more of Employee's disability to other factors (two pre-existing conditions and a subsequent car accident). Simply put, Employer attempts to re-litigate the evidence and in doing so wholly ignores this court's standard of review. "Generally, acceptance or rejection of medical evidence is for the Commission." *Houston v. Roadway Express, Inc.,* 133 S.W.3d 173, 179 (Mo.App.2004). The Commission is free to choose between two opposing experts, and this court will not disrupt such choices even if the competing expert is worthy of belief. *Payne v. Thompson Sales Co.,* 322 S.W.3d 590, 593 (Mo.App.2010). We shall not substitute our judgment for that of the Commission on issues of fact. *Molder,* 342 S.W.3d at 410. Here, the Commission expressly found Dr. Woiteshek's opinion more persuasive than that of Dr. Coyle. Our standard of review mandates deference to that determination, and Woiteshek's report is

sufficient competence evidence to support the Commission's finding of 25% PPD. The Commission's decision is affirmed.

JUDGE ROY L. RICHTER, P.J., and GLENN A. NORTON, J., concur.