Dawn SHELLY, Appellant,

v.

DRURY INNS, INC., Respondent.

Nos. ED 99812, ED 99813.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 22, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 2013.

Application for Transfer Denied Feb. 4, 2014.

John D. Schneider, St. Louis, MO, for appellant.

Mark M. Anson, St. Louis, MO, for respondent.

## OPINION

CLIFFORD H. AHRENS, Judge.

Dawn Shelly (Claimant) appeals the decisions of the Labor and Industrial Relations Commission denying her claims against Drury Inns, Inc. (Employer) for worker's compensation benefits. We affirm.

### Background

Claimant first sought compensation in June 2003 when she experienced low back pain after lifting boxes at Employer's Poplar Bluff location. Claimant filed a second claim, also citing low back pain, in February 2004 after falling down stairs at Employer's Festus location. The two cases were consolidated and heard by an administrative law judge in May 2012. Both parties submitted voluminous exhibits including injury reports, extensive medical records, and physicians' reports and depositions. Claimant testified and presented as additional witnesses her sister and boyfriend. Testifying for Employer were managers from each location as well as a risk manager from its corporate office.

In sum, the record contains conflicting evidence as to whether Claimant's back pain was a result of work-related injury or other causes. Although the Commission found credible Claimant's testimony that she experienced pain when lifting boxes at work in June, and while there was no dispute that Claimant fell down stairs in February, the record contains evidence of several other incidents that also contributed to Claimant's back condition. Specifically, Claimant experienced mild back pain after lifting a box at work in May 2003, though she did not file a claim regarding this incident. Other evidence in the rec-

ord suggests that Claimant visited an emergency room in May 2003 after she experienced pain when standing up from a dining room table carrying plates. The evening after the June incident, Claimant reported another surge of pain as she stood from a sofa. Additionally, Claimant was "jerked" to her knees by a dog in June 2003 and knocked over by another dog in October 2003, the latter prompting an emergency room visit.

To determine whether Claimant's work was a *substantial* factor in causing her condition, the Commission reviewed Claimants medical records and experts' reports and depositions and ultimately found Claimant's evidence inconsistent and unpersuasive. Rather, the Commission found Employer's experts more credible. All three opined that Claimant's chronic back pain was not caused by the two work-related events, and one specifically attributed her pain to disc degeneration.[1] As such, the Commission concluded that Claimant failed to meet her burden of proving that her work was a substantial factor in causing her condition. Claimant appeals.

### Standard of Review

Our standard of review is set forth in section 287.495.1 RSMo 2000. An appellate court shall only review questions of law and may modify, reverse, remand or set aside an award only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant the making of the award. *Id.* In the absence of fraud, the findings of fact made by the Commission within its powers shall be conclusive and binding. *Id.*

This court will uphold the Commission's award if it is supported by competent and substantial evidence on the whole record. *APAC Kansas, Inc. v. Smith*, 227 S.W.3d 1, 3 (Mo.App.2007). The award is not supported if it is contrary to the overwhelming weight of the evidence. *Id.* Importantly here, we defer to the Commission on issues concerning credibility and the weight to be given conflicting evidence. *Id.*

### Discussion

Claimant raises six points of error, but the issue of causation is dispositive. Claimant asserts that the evidence in the record doesn't support the Commission's finding that her work wasn't a substantial factor in causing her condition. Stated in the affirmative, Claimant contends that other evidence suggests that her work *was* a substantial factor. Simply put, Claimant attempts to re-litigate the medical evidence on appeal, but this court's standard of review is fatal to her cause.

Regarding the June claim, Claimant faults the Commission for attributing her back condition to a combination of other incidents because, she insists, the medical evidence fails to identify any one of them as the alternate cause. This assertion ignores Claimant's burden of proof and our standard of review. The claimant bears the burden to prove all essential elements of her claim, including a causal connection between the injury and the job. *Royal v. Advantica Restaurant Group, Inc.*, 194 S.W.3d 371, 376 (Mo.App.2006). An injury is not compensable merely because work was a triggering or precipitating factor; it must be *clearly* work-related, meaning that work was a substantial factor

---

1. In fact, in a letter dated January 2005, one of Claimant's own experts also cited disc de-generation as the source of her pain.

in the cause of the condition. § 287.020.2. It was not Employer's burden to prove— and the Commission needn't have found— that some other incident caused Claimant's back pain. Rather, Claimant bore the burden to prove affirmatively that lifting boxes was not just a trigger but a substantial factor in causing her condition. Given inconsistencies in Claimant's medical records and the contrary opinions of Employer's three experts, the Commission simply concluded that Claimant fell short of her burden. This court is constrained to defer to that finding. § 287.495.1. Determinations of causation and work-relatedness are questions of fact for the Commission. *Royal* at 376. The Commission is the judge of the credibility of witnesses and has discretion to determine the weight to be given expert opinions. *Id.* The reviewing court does not substitute its judgment for that of the Commission. *Id.* at 373.

Similarly, regarding the February fall, Claimant faults the Commission for relying on Employer's experts' opinions to conclude that Claimant's work wasn't a substantial factor in causing her condition because, she argues, Employer's experts' *opinions* were not supported by substantial competent medical evidence. Again, Claimant overlooks the appellate standard of review. It is not the role of this court to scrutinize the underlying medical records that inform the experts' opinions, nor can we question the experts' respective interpretations of the medical evidence. We examine only whether the record contains sufficient competent evidence to support the *Commission's* findings and conclude here that it does. Employer's three medical experts opined that Claimant's work wasn't a substantial factor in causing her back condition. "Generally, acceptance or rejection of medical evidence is for the Commission." *Houston v. Roadway Express, Inc.*, 133 S.W.3d 173, 179 (Mo.App.2004). The Commission is free to choose between opposing experts, and this court will not disrupt such choices even if the competing expert is worthy of belief. *Payne v. Thompson Sales Co.*, 322 S.W.3d 590, 593 (Mo.App.2010). We shall not substitute our judgment for that of the Commission on issues of fact. *Molder v. Missouri State Treasurer*, 342 S.W.3d 406, 410 (Mo.App.2011).

Here, the Commission expressly deemed Employer's experts more credible than Claimant's experts and gave the former more weight. Our standard of review mandates deference to that determination, and those opinions constitute sufficient competence evidence to support the Commission's finding.

### Conclusion

The Commission's decisions denying benefits are affirmed.

ROY L. RICHTER, P.J., and GLENN A. NORTON, J., concur.